IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STACIA VICK, CHADWICK VICK | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. K17C-09-007 NEP |
| v. | ) | In and For Kent County |
| | ) | |
| DR. NASREEN KHAN, | ) | |
| KHAN AND ASSOCIATES PA, | ) | |
| BAYHEALTH INC., | ) | |
| BAYHEALTH MEDICAL CENTER, | ) | |
| and KENT GENERAL HOSPITAL | ) | |
| | ) | |
| Defendant. | ) | |

Submitted: October 11, 2017
Decided: November 1, 2017

## ORDER

This matter involves a healthcare negligence suit filed by Plaintiffs Stacia and Chadwick Vick (hereinafter "Ms. Vick" and "Mr. Vick," individually, and "Plaintiffs," collectively) against Defendants Dr. Nasreen Khan and Khan Obstetrics and Gynecology Associates, P.A. (hereinafter "Moving Defendants"), as well as Bayhealth Inc., Bayhealth Medical Center, and Kent General Hospital (all Defendants hereinafter collectively "Defendants"). Moving Defendants have asked the Court to review the affidavits of merit filed in this case for sufficiency.[1]

---

[1] While Moving Defendants ask the Court to determine whether the affidavits comply with 18 *Del. C.* § 6854, Delaware law only requires the Court at this stage to determine the affidavits' sufficiency as relating to § 6853(a)(1) and (c). The Court will address specific issues of evidentiary admissibility as they arise.

1

Plaintiffs claim that Defendants improperly performed surgery on Ms. Vick and that they did so without Ms. Vick's consent. Dr. Khan is board-certified in obstetrics and gynecology.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's curriculum vitae.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The affidavit must be filed under seal, and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[5] The affidavit's requirements are "purposefully minimal."[6] Affidavits that merely track the statutory language are deemed sufficient.[7]

As requested by Moving Defendants, upon the Court's *in camera* review, the Court finds:[8]

  a. Each expert signed the affidavit.
  b. Each expert attached his or her current *curriculum vitae*.
  c. Each expert is currently licensed.

---

[2] 18 *Del. C.* § 6853(a)(1).
[3] *Id.* § 6853(c).
[4] *Id.*
[5] *Id.* § 6853(d).
[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).
[7] *Dishmon*, 32 A.3d at 342–43.
[8] The Court's findings are worded in such a way as not to reveal the number of affidavits submitted, and thereby to honor the Court's statutory commitment to confidentiality.

d. Each affidavit shows that the expert is board certified in Obstetrics and Gynecology.

e. Each expert is currently involved in treating patients and/or the teaching/academic side of medicine and was so involved for the three years prior to the alleged negligent acts.

f. Each affidavit states that reasonable grounds exist to believe that Defendants Dr. Khan and Kent General Hospital breached the applicable standard of care while treating Ms. Vick and that the breach was a proximate cause of Ms. Vick's injuries.

The affidavit(s) address negligence only on the part of Dr. Khan and Kent General Hospital, and not of Khan Obstetrics and Gynecology Associates, P.A., Bayhealth Inc., or Bayhealth Medical Center. This is inconsequential to the Court's decision, as Plaintiff's First Amended Complaint asserts that the liability of Khan Obstetrics and Gynecology Associates, P.A., Bayhealth Inc., and Bayhealth Medical Center, at least as to the Medical Negligence count,[9] derives from their capacity as masters of agents, such as Dr. Khan and other employees, alleged to have acted negligently in the course of their agency.[10]

---

[9] Only this count, along with the "Medical Malpractice" count, are germane to the Court's application of 18 *Del. C.* § 6853.

[10] Plaintiff's First Amended Complaint, ¶ 32. *See Buck v. Nanticoke Mem'l Hosp., Inc.*, 2015 WL 2400537, at *3 (Del. Super. May 19, 2015) ("In recognition of the derivative nature of the potential liability imposed pursuant to a *respondeat superior* claim, the Court concludes that section 6853 does not apply in the context of a *respondeat superior* claim because such a vicarious liability claim does not involve a claim of independent 'healthcare medical negligence.'").

WHEREFORE, in consideration the above, the court finds that the affidavit(s) of merit comply with 18 *Del. C. § 6853(a)(1)* and (c).

IT IS SO ORDERED.

__/s/Noel Eason Primos_____
Judge

NEP/wjs
*Via file & ServeXpress & U.S. Mail*
oc.   Prothonotary
cc.   Counsel of Record
       Stacia Vick
       Chadwick Vick

4