# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TROY FARMER, Personal Representative of the Estate of CARL METZ, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | C.A. No. N18C-06-010 ALR |
| MANOR CARE OF WILMINGTON, DE, LLC, a Delaware Limited Liability Company, individually and d/b/a MANOR CARE HEALTH SERVICES —Wilmington | ) ) ) ) ) ) | |

Submitted: July 27, 2018
Decided: August 2, 2018

***Upon Defendant's Motion to Determine if the Affidavit of Merit Complies with Sections (a)(1) and (c) of Title 18 § 6853***

## **ORDER**

Upon consideration of Defendant's Motion to Determine if the Affidavit of Merit Complies with Sections (a)(1) and (c) of Title 18 § 6853; the Affidavit of Merit; and statutory and decisional law, the Court hereby finds as follows:

1.     On July 27, 2018, Defendant moved for Court review of Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* 6853(a)(1) and (c).

2.     Pursuant to 18 *Del. C.* § 6853(a)(1), all healthcare negligence complaints must be accompanied by an affidavit of merit as to each defendant signed

by an expert witness, accompanied by a current *curriculum vitae* of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant.[1] More specifically, pursuant to 18 *Del. C.* § 6853(c), the affidavit of merit must set forth the expert's opinion that "there are reasonable grounds to believe the applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint."[2] In addition, pursuant to 18 *Del. C.* § 6853(c), the expert witness shall have the following qualifications:

> [The] expert signing the affidavit of merit shall be licensed to practice medicine as of the date of the affidavit; and in the 3 years immediately preceding the alleged negligent act has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant or defendants, and the expert shall be Board certified in the same or similar field of medicine if the defendant or defendants is Board certified.[3]

3. Plaintiff's affidavit of merit does not comply with 18 *Del. C.* § 6853(a)(1) and (c). First, the "affidavit of merit" was not made under oath. Second, Plaintiff's expert does not state that there are reasonable grounds to believe the applicable standard of care was breached and that the breach was a proximate cause of Plaintiff's injuries. Third, the expert's *curriculum vitae* is not a current version,

---

[1] 18 *Del. C.* § 6853(a)(1).
[2] 18 *Del. C.* § 6853(c).
[3] 18 *Del. C.* § 6853(c).

such that the Court cannot discern whether the expert meets the qualifications set forth in the statute.

4. While there are deficiencies in Plaintiff's affidavit of merit, "[t]he statute does not … contemplate that affidavits that are initially incomplete are automatically subject to outright dismissal."[4] The nature and scope of the deficiencies may have been the result of administrative error.[5] The Court "must give weight to Delaware's well-known public policy that favors permitting a litigant to have his day in court."[6]

5. To that end, the Court will allow Plaintiff 30 days to comply with the statutory requirements. If Plaintiff files an affidavit of merit and *curriculum vitae* that comply with 18 *Del. C.* § 6853(a)(1) and (c) within 30 days, the lawsuit shall move forward. If Plaintiff does not file an affidavit of merit and *curriculum vitae* that comply with the statutory requirements, the Court will dismiss the complaint.

**NOW, THEREFORE, this 2nd day of August, 2018:**

1. Plaintiff's affidavit of merit does not comply with 18 *Del. C.* § 6853(a)(1) and (c).

---

[4] *Dishmon v. Fucci*, 32 A.3d 338, 345 (Del. 2011).

[5] *Janssen v. Christiana Care Health System, Inc.*, 2015 WL 105727, at *1 (Del. Super. Feb. 10, 2015) (stating that a defect in an affidavit of merit could have been a mere drafting error).

[6] *Dishmon*, 32 A.3d at 344.

2.     Plaintiff is granted leave to file an affidavit of merit and *curriculum vitae* that comply with 18 *Del. C.* § 6853(a)(1) and (c) within 30 days.

**IT IS SO ORDERED.**

*Andrea L. Rocanelli*

_____

**The Honorable Andrea L. Rocanelli**