# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| JONATHAN COUNCIL,<br>Administrator of the ESTATE OF<br>YVETTE WILMER and ZOI J.<br>COUNCIL,<br><br>       Plaintiffs,<br><br>v.<br><br>CHRISTIANA CARE HEALTH<br>SERVICES, INC. a/k/a<br>CHRISTIANA CARE HEALTH<br>SYSTEM, INC., DOCTORS FOR<br>EMERGENCY SERVICES, P.A.,<br>BRENT A. PASSARELLO, M.D.<br>and MANDIE M. BAKER, M.D.<br><br>       Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | C.A. NO.: N18C-09-124 AML<br><br>JURY TRIAL OF 12 DEMANDED |

Submitted: November 29, 2018
Decided: December 7, 2018

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On November 29, 2018, Defendants Christiana Care Health Services, Inc. ("CCHS"), Doctors for Emergency Services, P.A. ("DFES"), Brent A. Passarello, M.D., and Mandie M. Baker, M.D. (collectively "Defendants") filed motions asking the Court to review Plaintiffs' affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c).[1]

---

[1] 18 *Del. C.* § 6853(d).

1

Specifically, Defendants asked the Court to determine whether the affidavit: (1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3) states all of its opinions with reasonable medical certainty; (4) gives an opinion that there has been healthcare medical negligence against each defendant, including agents, servants, and employees of CCHS and DFES; (5) gives an opinion that each breach against each defendant was a proximate cause of the injuries alleged in the complaint; and (6) indicates the expert is board certified in emergency medicine, is licensed to practice medicine as of the date of the affidavit, and the *curriculum vitae* establishes that the expert, for the three years preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the Defendants, including each agent, servant, or employee of CCHS and DFES that the expert states is negligent.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that

[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c). Although Defendants' motions are phrased as though the *curriculum vitae* must establish that the expert has been engaged in the treatment of patients or teaching for the three

2

reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

After *in camera* review, the Court finds:

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert is Board certified in Internal Medicine and Emergency Medicine;

4. In the three years preceding the negligent acts, the expert was engaged in the treatment of patients and in the teaching/academic side of medicine in a similar field of medicine as the Defendants;

5. The affidavit states that there are reasonable grounds to believe the applicable standard of care was breached by each defendant, including CCHS, DFES, Brent A. Passarello, M.D., and Mandie M. Baker, M.D.; and

---

years preceding the alleged negligent acts, Section 6853 does not so require. Rather, under Section 6853, such experience may be attested to in the affidavit.

[4] *Id.*

[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

3

6. The expert states the identified breaches of the standard of care proximately caused Wilmer's injury as alleged in the complaint.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to Defendants Christiana Care Health Services, Inc., Doctors for Emergency Services, P.A., Brent A. Passarello, M.D., and Mandie M. Baker, M.D.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Richard Galperin, Esquire
       Joshua H. Meyeroff, Esquire
       Neilli Mullen Walsh, Esquire

4