IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

ESTATE OF GLODE REQUA,                      )
CAROL FLACH, as Executrix of the            )      C.A. No. K19C-03-026 NEP
ESTATE OF GLODE REQUA,                      )      In and For Kent County
CAROL FLACH, individually and               )
SHIRLEY WADDY, individually,                )
                                            )
                Plaintiffs,                 )
                                            )
        v.                                  )
                                            )
BAYHEALTH MEDICAL CENTER, INC.              )
d/b/a KENT GENERAL HOSPITAL,                )
DELMARVA EMERGENCY                          )
PHYSICIANS, LLP, a Limited Liability        )
Partnership, VERONICA R. RIOS, M.D.,        )
Individually, and THE FREDERICA             )
VOLUNTEER FIRE CO., a Delaware              )
Corporation,                                )
                                            )
                Defendants.                 )

Submitted: May 20, 2019
Decided: June 4, 2019

## ORDER

### *Upon Review of the Affidavits of Merit*
### *DEFERRED*

This matter involves a healthcare negligence suit filed by Plaintiffs Estate of

Glode Requa, Carol Flach individually and as Executrix of the Estate of Glode

Requa, and Shirley Waddy (hereinafter collectively "Plaintiffs"), against

Defendants Bayhealth Medical Center, Inc. d/b/a Kent General Hospital

(hereinafter "Moving Defendant"), as well as Delmarva Emergency Physicians,

LLP, Veronica Rios, M.D., and The Frederica Volunteer Fire Co. (all Defendants

hereinafter collectively "Defendants").[1] Moving Defendant has asked the Court to review the affidavit(s) of merit filed in this case to determine if it satisfies 18 *Del. C.* § 6853.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The affidavit must be filed under seal, and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[5] The affidavit's requirements are "purposefully minimal."[6] Affidavits that merely track the statutory language are deemed sufficient.[7]

In this case, Plaintiffs filed their Complaint on March 19, 2019, and submitted affidavits of merit to the Court on the same date. However, Plaintiffs failed to attach the *curricula vitae* of their experts. Plaintiffs note in their affidavits

---

[1] Bayhealth Emergency Physicians, LLC, and Kent County EMS were also initially named as defendants but were subsequently dismissed without opposition from Plaintiffs.

[2] 18 *Del. C.* § 6853(a)(1).

[3] *Id.* § 6853(c).

[4] *Id.*

[5] *Id.* § 6853(d).

[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[7] *Dishmon*, 32 A.3d at 342–43.

the purported attachment of the *curricula vitae*, but, the Court did not receive any such attachments in the sealed envelope.

The Court acknowledges that Section 6853 requires a plaintiff to supplement his or her expert affidavit(s) of merit with the *curriculum vitae*, and that failure to do so equates to non-compliance with the statute. Nevertheless, this Court has discretion in choosing an appropriate sanction for noncompliance and must balance dismissal with the Court's strong policy favoring the deciding of cases on the merits. In another context, the Delaware Supreme Court has observed that "[t]he sanction of dismissal is severe and courts are and have been reluctant to apply it except as a last resort."[8]

The Delaware Supreme Court in *Dishmon, supra*, held that "a failure to enclose the *curriculum vitae* in a sealed envelope does not, by itself, justify dismissal."[9] Rather, "the absent *curriculum vitae* should [be] viewed as a procedural deficiency, but not an independent basis for dismissal."[10] Moreover, as in *Dishmon*, there are no facts here to suggest that Plaintiffs were personally responsible for their attorney's failure to include the *curricula vitae* with the affidavits of merit or that Plaintiffs' attorney acted in bad faith.[11]

---

[8] *Hoag v. Amex Assurance Co.*, 953 A.2d 713, 717 (Del. 2008) (sanction of dismissal disfavored for discovery violations except as last resort).

[9] *Dishmon*, 32 A.3d at 345. The Delaware Supreme Court also noted that an affidavit of merit is not discoverable and, thus, the defense would not be prejudiced by a late submission. *Id.*

[10] *Id.* at 344.

[11] *Id.* at 345.

**WHEREFORE**, in consideration of the above, **Plaintiffs shall be provided an additional twenty (20) days from the date of this Order** to provide affidavits of merit that comply with 18 Del. C. § 6853 to avoid dismissal of the complaint.

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
via File & ServeXpress and U.S. Mail
oc:    Prothonotary

4