Michael DISHMON, individually and as Executor of the Estate of James L. Dishmon, and James Dishmon, Jr., Linda Davis, Patricia Miller and Vicky Kennard, Plaintiff Below, Appellants,

v.

Pasquale FUCCI, M.D. and Bernie Schneider, PA–C, Defendants Below, Appellees.

No. 784, 2010.

Supreme Court of Delaware.

Submitted: Sept. 28, 2011.

Decided: Nov. 10, 2011.

Michael D. Bednash, Kimmel, Carter, Roman, & Peltz, P.A., Newark, Delaware for appellants.

Bradley Goewert (argued) and Lorenza A. Wolhar, Marshall, Dennehey, Warner, Coleman & Goggin, Wilmington, Delaware for appellees.

Before STEELE, Chief Justice, HOLLAND, BERGER, JACOBS and RIDGELY, Justices constituting the Court en Banc.

STEELE, Chief Justice.

On December 28, 2006, Michael Dishmon filed suit against nursing home staff members, Pasquale Fucci, M.D. and Bernie Schneider, PA–C alleging that both defendants had committed medical negligence that resulted in his father's death.

Before trial, a Superior Court judge dismissed the suit, stating that the plaintiff's Affidavit of Merit failed to comply with 18 *Del. C.* § 6853. The submitted affidavit sufficiently stated the expert's qualification to proffer an opinion, as well as his opinion that the defendants breached their respective standards of care and that the breaches caused the injury. However, the plaintiff failed to adhere to the procedural step of enclosing a copy of the testifying expert's *curriculum vitae.* Since this error was procedural, a proper exercise of the trial judge's discretion would have permitted the later submission of the *curriculum vitae.* The Superior Court judge erroneously dismissed the complaint. Accordingly, we REVERSE.

## I. FACTS AND PROCEDURAL HISTORY

The decedent, James L. Dishmon, was admitted to the Hockessin Hills nursing home on December 27, 2004. He suffered from various medical conditions, including heart problems, renal failure, diabetes, and a urinary tract infection. The following Friday, December 31, 2004, James Dishmon died of acute coronary ischemia and coronary artery disease. At that time, Dr. Fucci served as James' primary care physician and Schneider served as Dr. Fucci's physician's assistant.

Later, Michael Dishmon ("Dishmon"), brought an action under 10 *Del. C.* § 3701 *et seq.*[1] seeking compensation for his father's death on the theory that Dr. Fucci and Schneider committed medical negligence. Dishmon claimed that, despite his instructions, Fucci and Schneider put a "Do Not Resuscitate" order in place, and as consequence, the staff at Hockessin Hills made no effort to resuscitate James before his death.

On December 28, 2006, Dishmon filed his complaint in the Superior Court. At the same time, he also filed a Motion for Extension of Time to File an Affidavit of Merit, which a judge granted. Thereafter, Dishmon's attorney timely filed an Affidavit of Merit, executed by Herbert Lee Muncie, Jr., M.D. Defendants Fucci and Schneider then filed a Motion to Review the affidavit *in camera.* On April 25, 2007, a Superior Court judge determined that Dr. Muncie's Affidavit of Merit failed to comply with the requirements of 18 *Del. C.* § 6853, because: (1) the filing did not include a copy of Dr. Muncie's *curriculum vitae;* (2) the affidavit failed to demonstrate that Dr. Muncie was sufficiently acquainted with the standard of care applicable to a physician's assistant; and, (3) Dr. Muncie failed to articulate with adequate detail, his opinion that both defendants breached their respective standards of care, and that those breaches proximately caused the decedent's death. The Superior Court judge, therefore, dismissed the case.

In response, Dishmon filed a Motion for Relief from Judgment on May 5, 2007, attaching the missing *curriculum vitae.* For reasons not apparent to this Court, the Superior Court failed to rule on the Motion until September 16, 2010, at which point the Court denied the motion for relief without providing reasons. Dishmon now appeals.

## II. STANDARD OF REVIEW

■ The focus of our inquiry is whether the Superior Court judge erred by granting a motion to dismiss for failure to comply with the Delaware medical negligence statute. Questions of statutory interpreta-

---

1. *See* 10 *Del. C.* § 3701 ("All causes of action, with exceptions, shall survive to and against the executors or administrators of the person to, or against whom, the cause of action accrued").

tion are questions of law that this Court reviews *de novo*.[2] We must, thus, determine whether the Superior Court erred as a matter of law in formulating or applying the legal principles of 18 *Del. C.* § 6853.

## III. DISCUSSION

Dishmon challenges all grounds on which the Superior Court judge based its dismissal of the case. First, Dishmon contends that he satisfied all statutory requirements under 18 *Del. C.* § 6853. He argues that the affidavit sufficiently established Dr. Muncie's familiarity with the standards of medical care applicable to each defendant. Dishmon additionally asserts that the affidavit adequately articulated Dr. Muncie's expert opinion that both defendants breached their respective standards of care, and that in having done so, proximately caused Jones' death. Secondly, Dishmon contends that the Superior Court judge erred by refusing to allow him time in which to submit Dr. Muncie's *curriculum vitae* after the judge determined that the document did not accompany the Affidavit of Merit.

### A. The Delaware medical negligence statute sets forth minimal procedural requirements.

 The purpose of 18 *Del. C.* § 6853[3] is to "require that expert medical testimony be presented to allege a deviation from the applicable standard of care."[4] The General Assembly enacted this provision to reduce the filing of meritless medical negligence claims.[5] The statute operates as a prophylactic measure to ensure the efficient administration of judicial resources. By requiring an Affidavit of Merit in addition to the typical filing requirements, Section 6853 simply obliges a plaintiff to make a *prima facie* showing that there are reasonable grounds to believe that negligence occurred and caused an injury.[6] Accordingly, while the requirements of Section 6853 play an important role in preventing frivolous claims, they are purposefully minimal.[7]

 In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion. By signing an affidavit, an affiant is under the penalty of perjury for any false assertion.[8] Owing to the risk involved, courts in the initial review should assume that statements in affidavits of merit are reliable without additional evidentiary support. Thus, an expert may comply with Section 6853 by providing an affidavit of merit that

---

2. *Dambro v. Meyer*, 974 A.2d 121, 129 (Del. 2009) (citing *Delaware Bay Surgical Serv. v. Swier*, 900 A.2d 646, 652 (Del.2006)).

3. 18 *Del. C.* § 6853 ("(a) No healthcare negligence lawsuit shall be filed in this State unless the complaint is accompanied by: (1) An affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been healthcare medical negligence committed by each defendant").

4. *Beckett v. Beebe Medical Center*, 897 A.2d 753, 757 (Del.2006) (quoting *Adams v. Lucia-ni*, 2003 WL 22873038, at \*2 (Del. Dec. 2, 2003)).

5. *Id.*

6. *Dambro*, 974 A.2d at 134.

7. *Green v. Weiner*, 766 A.2d 492, 495–96 (Del. 2001).

8. *See* 11 *Del. C.* § 1223 ("A person is guilty of perjury in the first degree when the person swears falsely and when the false statement consists of testimony and is material to the action, proceeding or matter in which it is made").

tracks the statutory language. The General Assembly did not intend a minitrial at this stage of the litigation. Dr. Muncie, therefore, did not need to supplement his affidavit testimony regarding his qualifications as an expert and his medical opinion with additional evidentiary support.

█ On the issue of Dr. Muncie's qualifications, the defendants argue that his Affidavit of Merit failed to comply with 18 *Del. C.* § 6853 because it did not demonstrate that the expert was sufficiently acquainted with the standard of care applicable to a physician's assistant.[9] We disagree.

 It is well established in Delaware that a physician may offer an opinion on the standard of care of a non-physician, such as a physician's assistant, nurse-midwife, or nurse.[10] A physician need only establish his or her familiarity with the degree of skill ordinarily employed by a practitioner of the type about which he or she will be offering an opinion, in order for the opinion to be judicially acceptable.[11] Section 6854 reiterates this standard.[12] Qualifying as an expert for the purposes of the statute does not require meticulous validation of the proffered expert's proficiency in a specific medical field. In this case, the expert needed only to establish his familiarity with the standard of care applicable to the area of medicine practiced by both defendants in order to present a valid opinion capable of passing Affidavit of Merit review.

In his Affidavit of Merit, Dr. Muncie affirmed that he is board certified in family practice and that "in the 29 years immediately preceding the alleged negligent act, [he] was engaged in the treatment of patients and/or in the teaching/academic side of medicine or similar field of medicine as the defendants." Although his statement deviated slightly from the wording of Section 6853, it is the functional equivalent of the statutory language. In accordance with the minimal requirements of Section 6853, Dr. Muncie did not need to supplement his statement with evidentiary support. Thus, we agree with Dishmon that the Affidavit of Merit sufficiently establishes that Dishmon's expert was qualified to testify as an expert on the standard of care applicable to both defendants.

█ Regarding the substance of Dr. Muncie's opinion, the defendants contend that his Affidavit fails to comply with the requirements of Section 6853 because it does not distinguish between the standards of care applicable to the defendants, and further, because it does not demonstrate how those applicable standards were breached. We agree with Dishmon that the plain language of the statute requires neither.

---

**9.** 18 *Del. C.* § 6853 ("An expert signing an affidavit of merit shall be licensed to practice medicine as of the date of the affidavit; and in the 3 years immediately preceding the alleged negligent act has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant or defendants, and the expert shall be Board certified in the same or similar field of medicine if the defendant or defendants is Board certified").

**10.** *Divita v. Sweeney,* 2010 WL 5313492 at *2 (Del.Super. Nov. 29, 2010); *see also Sturgis v. Bayside Health Association Chartered,* 942 A.2d 579 (Del.2007); *Simmons v. Bayhealth Medical Center, Inc.,* 950 A.2d 659 (Del.2008).

**11.** *Id.*

**12.** 18 *Del. C.* § 6854 ("No person shall be competent to give expert medical testimony as to applicable standards of skill and care unless such person is familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify").

■ Section 6853 requires the Affidavit of Merit to "set forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant(s) and that the breach was a proximate cause of injury(ies) claimed in the complaint."[13] This Section requires that a qualified medical professional review a plaintiff's claim, to determine and then to state that there are reasonable grounds to believe that the health care provider breached the applicable standard of care that caused the injuries claimed in the complaint.[14] Medical experts need not couch their opinions in legal terms, state the facts that underly their determination, or to articulate the standard of care with a high degree of legal precision or "magic words."[15]

After reviewing Dr. Muncie's Affidavit, we find that the requirements of Section 6853 have been met. His Affidavit reads:

> [T]here are reasonable grounds to believe that medical negligence was committed by Pasquale Fucci, M.D. and Bernie Schneider, PA–C in the treatment and care of James Dishmon and that breach was the proximate cause of the injuries sustained and Mr. Dishmon's death.

It is clear that upon his review of the facts, Dr. Muncie concluded there was a causal connection between the defendants' breach and the decedent's death. Again, we acknowledge that although the expert's statement does not mirror Section 6853 exactly, his statement is the functional equivalent of the statutory language, and thus, satisfies the requisite proximate cause standard. No additional evidentiary support is needed to supplement Dr. Muncie's opinion at this stage of the litigation.

Upon review of these issues, we find that the Superior Court judge erred by holding that Dr. Muncie's opinion did not comport with the *prima facie* evidentiary requirements of Section 6853.

**B. The Superior Court has discretion to excuse procedural deficiencies in appropriate circumstances where Delaware public policy outweighs dismissal.**

■ Dishmon's final claim is that the Superior Court judge erred by dismissing the suit because Dishmon failed to include his expert's *curriculum vitae* with the Affidavit of Merit. We agree that Section 6853 requires a plaintiff to supplement his or her expert's affidavit of merit with a *curriculum vitae,* and that failure to do so constitutes non-compliance. We are unconvinced, however, that the trial judge would have ordered dismissal had he initially recognized the sufficiency of the Affidavit on its merits. In light of our holding that the Affidavit was sufficient on its merits, we conclude, as a matter of law, that trial courts must give weight to Delaware's well known public policy that favors permitting a litigant to have his day in court. In these circumstances, the absent *curriculum vitae* should have been viewed as a procedural deficiency, but not an independent basis for dismissal.

In applicable part, Section 6853 requires a plaintiff to supplement an affidavit of merit with the purported expert's *curriculum vitae.*[16] From the plain language of Section 6853 it is clear that where a party fails to file an Affidavit of Merit with the Superior Court, the Court will not enter-

---

13. 18 *Del. C.* § 6853(a).

14. *Id.*

15. *Green,* 766 A.2d at 495.

16. *Id.*

tain the case.[17] The statute does not, however, contemplate that affidavits that are initially incomplete are automatically subject to outright dismissal. No language in Section 6853 or in any court rule so provides or even addresses the situation in which a party files an affidavit without the expert's *curriculum vitae.*

In the absence of a contrary statute or court rule, the Superior Court judge has discretion to choose the appropriate sanction for noncompliance with Section 6853. In *Drejka,* we recently cautioned that judges should be reluctant to dismiss cases for procedural mistakes by counsel except as a last resort.[18] A motion to dismiss should be granted if no other sanction would be more appropriate under the circumstances.[19] The following factors bear importantly on whether or not a trial judge's dismissal of a complaint constitutes an abuse of discretion:

(1) the extent of the party's personal responsibility;

(2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery;

(3) a history of dilatoriness;

(4) whether the conduct of the party or the attorney was willful or in bad faith;

(5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and

(6) the meritoriousness of the claim or defense.[20]

Those factors, applied here, lead us to conclude that a failure to enclose the *curriculum vitae* in a sealed envelope does not, by itself, justify dismissal. No facts suggest that Dishmon was personally responsible for his attorney's failure to include Dr. Muncie's *curriculum vitae* with the Affidavit of Merit. An Affidavit of Merit is not discoverable under the statute; therefore, the defense would not be prejudiced by a tardy filing.[21] Although Dishmon did request a 60–day extension in which to file an affidavit, there is no evidence of any history of dilatoriness. No evidence suggests that Dishmon's attorney acted in bad faith. The trial judge never previously imposed any other or lesser sanctions during the course of the proceedings, so there is no reasonable indication that a lesser sanction would have been ineffective. Lastly, on the merits, Dr. Muncie's Affidavit of Merit established the necessary *prima facie* showing of medical negligence. Therefore the claim, at the very least, is not meritless, and is suitable for litigation. Accordingly, we find that the Superior Court judge should have exercised discretion to allow the plaintiff a reasonable time to file his expert's *curriculum vitae* to avoid a dismissal of the complaint.[22]

---

**17.** 18 *Del. C.* § 6853(a)(1) ("If the required affidavit does not accompany the complaint or if a motion to extend the time to file said affidavit as permitted by paragraph (2) of this subsection has not been filed with the court, then the Prothonotary or clerk of the court shall refuse to file the complaint and it shall not be docketed with the court").

**18.** *Drejka v. Hitchens Tire Serv. Inc.,* 15 A.3d 1221, 1224 (Del.2010) (quoting *Hoag v. Amex Assurance Co.,* 953 A.2d 713, 717 (Del.2008)).

**19.** *Hoag,* 953 A.2d at 717 (citations omitted).

**20.** *Id.* (citing, *Minna v. Energy Coal S.p.A.,* 984 A.2d 1210, 1215 (Del.2009)) (citations omitted).

**21.** 18 *Del. C.* § 6853(d) ("The affidavit of merit shall not be discoverable in any medical negligence action.")

**22.** *Compare McBride v. Shipley Manor Health Care,* 2005 WL 2090695 (Del.Super. Apr. 28, 2005) (The Superior Court allowed plaintiff 21 days to file an affidavit of merit to avoid dismissal of the complaint); *Meloney v. Nanticoke Gastroenterology, P.A. and Mackler,* 2006

To reiterate, Delaware has a strong public policy that favors permitting a litigant a right to a day in court.[23] Courts should apply rules with "liberal construction because of the underlying public policy that favors a trial on the merits, as distinguished from a judgment based on a default."[24]

Even if this appeal were focused on the Superior Court's denial of Dishmon's Super. Ct. Civ. R. 60(b) motion, rather than on the initial dismissal of the case, we would arrive at the same conclusion. Rulings on Rule 60(b) motions are reviewed under a three-pronged test, although only the first prong—whether the moving party's conduct, which resulted in dismissal, was the product of excusable neglect[25]—is relevant here.[26] Under Rule 60(b) "excusable neglect exists if the moving party has valid reasons for the neglect—reasons showing that the neglect may have been the act of a reasonably prudent person under the circumstances."[27] "In determining whether the moving party's neglect was 'excusable,' all surrounding circumstances may be considered."[28] However, we also recognize that a "mere showing of negligence or carelessness without a valid reason may be deemed insufficient."[29]

Dishmon's attorney argues that under the circumstances, his failure to timely file Dr. Muncie's *curriculum vitae* falls within the purview of excusable neglect. Therefore, the Superior Court judge should have granted him an extension in which to become fully compliant with the requirements of the statute. We agree.

Under 18 *Del. C.* § 6853(a)(1), an expert's affidavit and an attached *curriculum vitae* must be filed with the court in a sealed envelope labeled "CONFIDENTIAL" and is subject to review only by a Superior Court judge.[30] The logical inference is that once the envelope is sealed, a prudent person would refrain from breaking the seal to review the envelope's contents where he or she believes all the necessary documents are enclosed. It is reasonable to infer that Dishmon's attorney did not open the sealed envelope containing Dr. Muncie's Affidavit of Merit because the attorney reasonably believed that the expert's *curriculum vitae* was also enclosed. In drawing that inference, we cannot ignore the reality of how work

---

WL 2329377 (Del.Super. June 18, 2006) (Superior Court allowed the plaintiff 18 days in which to file a second Affidavit of Merit that contained the expert's *curriculum vitae* because one was missing from the first filing).

23. *Beckett*, 897 A.2d at 757–58 (citing *Dolan v. Williams*, 707 A.2d 34, 36 (Del.1998)).

24. *Id.* (citing *Old Guard Ins. Co. v. Jimmy's Grille, Inc.* 2004 WL 2154286, at *13 (Del. Sept. 21, 2004) (Order) (citations omitted)).

25. *Power–Booth v. Power–Booth*, 962 A.2d 257 (Del.2008). *See Donohue v. Donohue*, 2005 WL 1421023 at *1 (Del.2005).

26. *Id.*

27. *Id.* (quoting *DiSabatino v. DiSabatino*, 2007 WL 812766 at *3 (Del. Mar. 16, 2007)) (TABLE).

28. *Id. See DiSabatino*, 2007 WL 812766 at *3 (citing *McDonald v. S & J Hotel. Enters.*, 2002 WL 1978933 at *2 (Del.Super., August 27, 2002)).

29. *DiSabatino*, 2007 WL 812766 at *3 (quoting *McDonald*, 2002 WL 1978933 at *2).

30. 18 *Del. C.* § 6853(a)(1) ("The affidavit of merit and curriculum vitae shall be filed with the court in a sealed envelope which envelope shall state on its face: 'CONFIDENTIAL SUBJECT TO 18 DEL. C., SECTION 6853. THE CONTENTS OF THIS ENVELOPE MAY ONLY BE VIEWED BY A JUDGE OF THE SUPERIOR COURT' ").

is often delegated in a law office. Ministerial tasks, such as gathering and preparing materials to be filed in anticipation of litigation, are not uncommonly reserved for administrative staff. In that environment, an attorney who fails to file all required documents is not necessarily careless, but rather may have mistakenly relied on someone else to properly prepare and seal within the envelope all materials required by Section 6853. Therefore, in this case counsel's error should have been construed as excusable neglect.

In summary, considerations of sound Delaware public policy lead us to conclude that the missing *curriculum vitae*, standing alone, was an insufficient basis to dismiss the plaintiff's complaint.

## C. An additional matter.

At the periphery of this case is the highly regrettable fact that we are now being asked, in 2011, to rule on a judgment dismissing a complaint that was filed in 2006. Clearly, judicial processes are what delayed the Superior Court's final judgment. Inexplicably, however, the unconscionably delayed final judgment contained no reasoning. It is well settled that the legal requirement of supplying reasons for a judicial decision is a matter of judicial ethics and of law.[31] Thus, we urge trial judges to supply a full explanation supporting their denials of litigants' motions for relief.

## IV. CONCLUSION

The Superior Court erred by dismissing Dishmon's complaint. The Delaware medical negligence statute sets forth minimal requirements that do not oblige experts to bolster their sworn statements with sup-

plemental evidence. Furthermore, although submission of an expert's *curriculum vitae* is mandatory under 18 *Del. C.* § 6853(c), a trial judge may, in the exercise of sound discretion grant relief allowing compliance with this requirement. In light of Delaware public policy and the surrounding circumstances, we find that the dismissal of the initial complaint was too harsh a sanction. The judgment of Superior Court is reversed and remanded for proceedings consistent with this Opinion. Jurisdiction is not retained.

---

**31.** *Baylis v. State,* 2010 WL 376908 at *1 (Del. Jan. 14, 2010) (ORDER) (citing *Cannon v.* *Miller,* 412 A.2d 946, 947 (Del.1980)).