# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

NICOLE WILLEY, Individually, and as )
personal representative of the estate of )
MICHAEL WILLEY, and as parent and )
next friend of MARISSA WILLEY, a )
minor, )
                                   )
            Plaintiffs, )
                                   )
      v. )    C.A. NO.: N17C-11-185 AML
                                   )
GLASGOW INTERNAL MEDICINE )    JURY TRIAL OF 12 DEMANDED
ASSOCIATES, P.A., ANTHONY )
VASILE, D.O., CURT BLACKLOCK, )
D.O., CHRISTIANA CARE HEALTH )
SERVICES, INC., a Delaware )
Corporation, )
                                   )
           Defendants. )

Submitted: February 19, 2018
Decided: February 26, 2018

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On February 19, 2018, Defendant Christiana Care Health System ("CCHS") moved to have the Court review Plaintiffs' affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c). Specifically, CCHS asks the Court to determine whether the affidavit of merit:

   a) Is signed by an expert witness;

   b) Is accompanied by a *curriculum vitae* for each expert;

c) Includes an opinion that the standard of care was breached by CCHS "rather than vague references or lumping of parties with different specialties that do not conform to the statute";[1]

d) States an opinion that any breach attributed to CCHS was a proximate cause of injuries alleged in the complaint;

e) Includes a *curriculum vitae* that establishes that each expert was licensed to practice medicine as of the date of the affidavit;

f) Includes a *curriculum vitae* that establishes that the expert, for the three years preceding the negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as CCHS, "namely medicine, surgery[,] and nursing."[2]

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[3] The expert must be licensed to practice medicine as of the affidavit's date.[4] The expert must have engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[5] The affidavit must state

---

[1] Def.'s Mot. Review Aff. ¶ 4.
[2] *Id.*
[3] *Id.* § 6853(a)(1).
[4] *Id.* § 6853(c).
[5] *Id.*

2

that reasonable grounds exist to believe the applicable standard of care was breached by the named defendants and that the breach proximately caused the plaintiff's injury.[6] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[7]

After an *in camera* review, the Court finds the affidavit:

a) Is signed by an expert witness;

b) Is accompanied by a *curriculum vitae* for each expert;

c) Includes an opinion that the applicable standard of care was breached by the named defendants;

d) States an opinion that the breach was a proximate cause of injuries alleged in the complaint;

e) Includes a *curriculum vitae* that establishes that each expert was licensed to practice medicine as of the date of the affidavit;

f) Includes a *curriculum vitae* that establishes that the expert, for the three years preceding the negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as CCHS.

---

[6] *Id.*

[7] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

3

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* § 6853(a) and (c) as to CCHS.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Stephen J. Milewski, Esquire
       Joshua Meyeroff, Esquire
       Gregory S. McKee, Esquire
       Katherine J. Sullivan, Esquire
       Timothy E. Lengkeek, Esquire