## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| ASHLEE SAVAGE, Individually,<br>And as Parent and Next Friend of<br>ZAEDEN FREEMAN, a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BAYHEALTH, INC., d/b/a<br>BAYHEALTH MILFORD<br>MEMORIAL HOSPITAL,<br>BAYHEALTH MEDICAL CENTER,<br>INC. d/b/a BAYHEALTH MILFORD<br>MEMORIAL HOSPITAL,<br>DELMARVA EMERGENCY<br>PHYSICIANS, LLP, and DANIEL<br>TEKLAY, M.D.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. NO.: N18C-05-185 AML<br><br>JURY TRIAL OF 12 DEMANDED |

Submitted: November 8, 2018
Decided: December 4, 2018

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On November 8, 2018, Defendants DelMarVa Emergency Physicians, LLP

and Daniel Teklay, MD (collectively "Defendants") moved to have the Court

review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies

with 18 *Del. C.* §§ 6853(a)(1) and (c).[1]

---

[1] 18 *Del. C.* § 6853(d).

1

Specifically, Defendants asked the Court to determine whether the affidavit: (1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3) gives an opinion that there has been a breach in the standard of care by the Defendants; (4) gives an opinion that each breach against each defendant was a proximate cause of the injuries alleged in the complaint; and (5) indicates the expert is licensed to practice medicine as of the date of the affidavit, and the *curriculum vitae* establishes that the expert, for the three years preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the Defendants, which in this case is emergency medicine.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal.

---

[2] *Id.* § 6853(a)(1).

[3] *Id.* § 6853(c). Although Defendants' motion is phrased as though the *curriculum vitae* must establish that the expert has been engaged in the treatment of patients or teaching for the three years preceding the alleged negligent acts, section 6853 does not so require. Rather, under Section 6853, such experience may be attested to in the affidavit.

[4] *Id.*

Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

After *in camera* review, the Court finds:

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert is Board certified in Emergency Medicine, the same field as the Defendants;

4. In the three years preceding the negligent acts, the expert was engaged in the treatment of patients and in the teaching/academic side of medicine in the same field of medicine as Defendants;

5. The affidavit states that there are reasonable grounds to believe the applicable standard of care was breached by each Defendant, including DelMarVa Emergency Physicians, LLP and Daniel Teklay, MD; and

6. The expert states these breaches of the standard of care proximately caused Plaintiff's injury as alleged in the complaint.

---

[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to Defendants DelMarVa Emergency Physicians, LLP and Daniel Teklay, MD.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Thomas J. Marcoz, Esquire
       Robert H. Bouse, Esquire
       Gregory L. VanGeison, Esquire
       Kristina L. Miller, Esquire
       Donald L Gouge, Jr., Esquire
       Keith D. Forman, Esquire
       Mary M. Koch, Esquire
       Sarah Smith, Esquire