IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PATRICIA L. DOLAN and WALTER )
DOLAN, )
                                  )
               Plaintiffs, )    C.A. No. K19C-04-032 NEP
                                  )    In and For Kent County
    v. )
                                  )
CYNTHIA W. MARTIN, N.P., )
PROMILA K. SURI, M.D., )
PRANITHA NAINI, M.D., and )
BAYHEALTH MEDICAL CENTER, )
INC. d/b/a KENT GENERAL HOSPITAL, )
                                  )
               Defendants. )

Submitted: June 26, 2019
Decided: June 28, 2019

## ORDER

*Upon Review of the Affidavits of Merit*
*ACCEPTED*

This matter involves a healthcare negligence suit filed by Plaintiffs Patricia L. Dolan and Walter Dolan (hereinafter collectively "Plaintiffs"), against Defendants Pranitha Naini, M.D. (hereinafter "Moving Defendant"), as well as Cynthia Martin, N.P., Promila K. Suri, M.D., and Bayhealth Medical Center, Inc. d/b/a Kent General Hospital (all Defendants hereinafter collectively "Defendants"). Moving Defendant has asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853. The Court has done so and determined that the affidavit of merit applicable to Moving Defendant complies with the statute.

In this case, Plaintiffs filed their Complaint on April 18, 2019, alleging that Defendants were medically negligent and breached the applicable standard of care. Specifically, with regard to the allegations against Moving Defendant, Plaintiffs allege, *inter alia*, that Moving Defendant improperly approved the May 23, 2017, surgical procedure on Plaintiff when her INR was too high, improperly delegated the performance of the surgical procedure to Defendant Martin, and failed to monitor and treat Plaintiff adequately and properly post-operatively.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[2] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with

---

[1] 18 *Del. C.* § 6853(a)(1).
[2] *Id.* § 6853(c).
[3] *Id.*.

2

statutory requirements.[4] The affidavit's requirements are "purposefully minimal."[5] Affidavits that merely track the statutory language are deemed sufficient.[6]

In this matter, two affidavits of merit are under consideration. One of these affidavits is inapplicable to Moving Defendant.[7] The other affidavit of merit addressed the alleged negligence of Moving Defendant along with that of the other Defendants. As requested by Moving Defendant, upon the Court's *in camera* review, the Court finds the following as to the applicable affidavit:

    a. The expert signed the affidavit.

    b. The *curriculum vitae* of the expert is attached.

    c. The expert, who is a physician, was licensed to practice medicine as of the date of the affidavit.

    d. The expert is Board certified in Hematology and Medical Oncology.

    e. The expert was involved in treating patients in the fields of Hematology and Medical Oncology for the three years prior to the alleged negligent acts.

    f. The affidavit states that reasonable grounds exist to believe that Moving Defendant, along with the other Defendants, breached the

---

[4] *Id.* § 6853(d).

[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[6] *Dishmon*, 32 A.3d at 342–43.

[7] This affidavit of merit, signed by an expert who is a doctor of nursing practice and registered nurse, addresses only the alleged negligence of Defendant Bayhealth Medical Center, Inc. acting "through its nursing staff." Moving Defendant is not named in the affidavit.

applicable standard of care, and that the breaches were a proximate cause of the injuries to Plaintiff Patricia L Dolan.

**WHEREFORE**, in consideration of the above, the court finds that the affidavit of merit applicable to Moving Defendant complies with 18 *Del.* C. § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
via File & ServeXpress
oc: Prothonotary
Counsel of Record
Promila K. Suri, M.D.