IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

KARA ROWLANDS, as parent and ）
guardian of CARLY ROWLANDS, a ）
minor child, ）
 ）
 ）
 ） C.A. No. K18C-10-028 NEP
Plaintiffs, ）
 ）  In and For Kent County
v. ）
 ）
 ）
THE CENTER FOR PEDIATRIC AND ）
ADOLESCENT MEDICINE, P.A., Renee ）
Grob, M.D., David Brown, D.O., Maribel ）
Woodward, M.D., and Julia Pillsbury, D.O., ）
 ）
 ）
Defendants. ）

Submitted: August 26, 2019
Decided: September 4, 2019

## ORDER

### *Upon Review of the Affidavits of Merit*
### *ACCEPTED*

This matter involves a healthcare negligence suit filed by Plaintiff Kara

Rowlands, as parent and guardian of Carly Rowlands, a minor child (hereinafter

"Carly"), against Defendant Renee Grob, M.D. (hereinafter "Moving Defendant"),

as well as David Brown, D.O., Maribel Woodward, M.D., Julia Pillsbury, M.D.,

and The Center for Pediatric and Adolescent Medicine, P.A. (all Defendants

hereinafter collectively "Defendants"). Moving Defendant has asked the Court to

review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853. The Court has done so and has determined that the affidavits of merit comply with the statute.

In this case, Plaintiff filed her Complaint on October 24, 2018, alleging that Defendants were medically negligent and breached the applicable standard of care. Specifically, with regard to the allegations against Moving Defendant, Plaintiff alleges, *inter alia*, that Moving Defendant failed to diagnose Carly's hip dysplasia properly, failed to perform proper examinations of Carly, failed to obtain proper testing and treatment for Carly's hip, and failed to supervise properly other medical providers who cared for Carly during her visits with The Center for Pediatric and Adolescent Medicine. The Complaint also alleges that Moving Defendant is Board Certified in Pediatric Medicine.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae.*[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is

---

[1] 18 *Del. C.* § 6853(a)(1).

2

Board certified.[2] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[4] The affidavit's requirements are "purposefully minimal."[5] Affidavits that merely track the statutory language are deemed sufficient.[6]

In this matter, three affidavits of merit are under consideration. All three of these affidavits are applicable to Moving Defendant. As requested by Moving Defendant, upon the Court's *in camera* review, the Court finds the following as to the affidavits:

    a. The experts signed the affidavits.

    b. The *curriculum vitae* of the experts are attached.

    c. The experts, who are physicians, were licensed to practice medicine as of the dates within the affidavits.

---

[2] *Id.* § 6853(c).
[3] *Id.*.
[4] *Id.* § 6853(d).
[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).
[6] *Dishmon*, 32 A.3d at 342–43.

d. One expert is Board certified in Pediatric Medicine, another expert is Board certified in Family Medicine, and the third expert is Board certified in Orthopaedic Surgery.

e. Each of the experts were involved in treating pediatric patients more than three years prior to the alleged negligent acts.

f. Each affidavit states that reasonable grounds exist to believe that the Moving Defendant, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to Carly.

**WHEREFORE**, in consideration of the above, the court finds that the affidavits of merit comply with 18 *Del.* C. § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
via File & ServeXpress
oc:    Prothonotary
       Counsel of Record

4