IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIFFANY COX and ALPHONSO       )
KEMP, as Parents and natural guardians  )       C.A. No. K19C-11-002 NEP
of K.K., a minor,              )          In and For Kent County
                               )
            Plaintiffs,        )
                               )
      v.                       )
                               )
BAYHEALTH MEDICAL CENTER,      )
INC., a Delaware Corporation, ROBERT  )
Q. SCACHERI, M.D., BEVERLY A.  )
SANTANA, MSN, CNM and          )
DEDICATED TO WOMEN OB-GYN,     )
P.A.,                          )
                               )
            Defendants.        )

Submitted: March 23, 2020
Decided: April 30, 2020

## ORDER

*Upon Review of the Affidavits of Merit*
*ACCEPTED*

This matter involves a healthcare negligence suit filed by Plaintiffs Tiffany

Cox and Alphonso Kemp, as parents and guardians of K.K., a minor child, against

Defendants Robert Scacheri, M.D., Beverly Santana, MSN, CNM, Bayhealth

Medical Center, Inc., and Dedicated to Women OB-GYN, P.A., (all Defendants

hereinafter collectively "Defendants").  Defendant Bayhealth Medical Center, Inc.

1

(hereinafter "Moving Defendant") has asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853.

Plaintiffs filed their Complaint on November 1, 2019, alleging that Defendants were medically negligent and breached the applicable standards of care, and that as a result, K.K. suffered severe and permanent hypoxic ischemic brain injury. The Complaint alleges that Moving Defendant provides health-related services to the general public.

On March 3, 2020, this Court issued an Order finding that two of the three affidavits of merit applicable to Moving Defendant failed to satisfy statutory requirements because the *curriculum vitae* of each expert appeared to be out of date.[1] The Court deferred decision on those two affidavits, giving Plaintiffs an additional twenty-one days from the date of its Order to bring the affidavits of merit into compliance with 18 *Del. C.* § 6853(c), *i.e.*, by providing current *curricula vitae*. Plaintiffs have timely done so, and thus the updated affidavits of merit are discussed below.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of

---

[1] *See Cox v. Bayhealth Medical Center, Inc.,* 2020 WL 1127545, at *2 (Del. Super. Mar. 3, 2020) (*curricula vitae* of expert who was a physician and expert who was a registered nurse and certified nurse midwife did not appear to be current). The Court found that the affidavit of merit of the third expert, a registered nurse, complied with 18 *Del. C.* § 6853(a)(1) and (c). *Id.*

[2] 18 *Del. C.* § 6853(a)(1).

2

the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[3] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[5] The affidavit's requirements are "purposefully minimal."[6] Affidavits that merely track the statutory language are deemed sufficient.[7]

With regard to the two affidavits of merit that were deferred by the Court's March 3, 2020, Order, the Court has performed an *in camera* review.

Turning to the first expert, a physician, the Court finds as follows:

a. The expert signed the affidavit.

---

[3] *Id.* § 6853(c). Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *McNulty v. Correct Care Solutions, LLC,* 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (requirement of "same or similar" Board certification does not apply where defendant is not a physician); *accord Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1) (Del. Super. Apr. 22, 2019) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."). Here, Plaintiffs allege negligence against Moving Defendant based on agency principles. Thus, the statutory requirements of "same or similar" Board certification, and practice in the "same or similar field," are not applicable because Moving Defendant is not a physician. Moreover, all three experts in the present case may speak to whether Moving Defendant was negligent.

[4] 18 *Del. C.* § 6853(c).

[5] *Id.* § 6853(d).

[6] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[7] *Dishmon*, 32 A.3d at 342–43.

b. The current *curriculum vitae* of the expert is attached.

c. The expert was licensed to practice medicine as of the date of the affidavit.

d. Although the "same or similar field" requirements are not applicable because Moving Defendant is not a physician, the expert is Board certified in the fields of Obstetrics and Gynecology and Maternal-Fetal Medicine and has experience in those areas.

e. The affidavit states that reasonable grounds exist to believe that Moving Defendant, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to K.K.

As for the second expert, the Court finds as follows:

a. The expert signed the affidavit.

b. The current *curriculum vitae* of the expert is attached.

c. The expert, who is a registered nurse and certified nurse midwife, has training and experience in those fields.

d. The affidavit states that reasonable grounds exist to believe that Moving Defendant, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to K.K.

**WHEREFORE**, in consideration of the above, the Court finds that the two affidavits of merit previously deferred by the Court's Order of March 3, 2020, comply with 18 *Del. C.* § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
*Via File & ServeXpress*
oc:   Prothonotary
       Counsel of Record
       File