# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| The Estate of SUSAN J. MOULDER, MICHAEL J. MOULDER, as Executor for the Estate and Individually,<br><br>        Plaintiffs,<br><br>    v.<br><br>SUJUNG PARK, M.D., Individually; MEDICAL ONCOLOGY HEMATOLOGY CONSULTANTS, P.A., a Delaware Professional Association; ADAM RABEN, M.D., Individually; RADIATION ONCOLOGISTS, P.A., a Delaware Professional Association; and CHRISTIANA CARE HEALTH SERVICES, INC. d/b/a Helen F. Graham Cancer Center, a Delaware Corporation,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | C.A. No.: N20C-03-299 AML |

Submitted: August 5, 2020
Decided: August 12, 2020

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On August 5, 2020, Defendant Adam Raben, M.D. filed a motion asking the

Court to review Plaintiffs' affidavit of merit, *in camera*, to determine whether it

complies with 18 *Del. C.* § 6853(a)(1) and (c).[1]

Specifically, Defendant asked the Court to determine whether the affidavit: (1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3) gives an opinion there are reasonable grounds to believe there has been a breach of the standard of care by the Moving Defendant and that the breach is the proximate cause of the injuries alleged in the Complaint; (4) indicates the expert is licensed to practice medicine as of the date of the affidavit; (5) establishes the expert, for the three years preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine at issue in this case; and (6) establishes the expert is board certified in radiation oncology.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that

---

[1] 18 *Del. C.* § 6853(d).
[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c).

2

proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

After *in camera* review, the Court finds:

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert gives an opinion that there are reasonable grounds to believe there has been a breach in the standard of care by each defendant and that each breach against each defendant was a proximate cause of injuries to the plaintiff;

4. The *curriculum vitae* establishes the expert is licensed to practice medicine as of the date of the affidavit;

5. The *curriculum vitae* establishes that for the three years preceding the negligent act, the expert was engaged in the treatment of patients and in the teaching/academic side of medicine in the same or similar field of medicine as the defendants; and

6. The expert is board certified in Medical Oncology.

---

[4] *Id.*

[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* § 6853(a)(1) and (c) as to Defendant Adam Raben, M.D.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Bradley J. Goewert, Esquire
        Lorenza A. Wolhar, Esquire
        Bartholomew J. Dalton, Esquire