# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JIMMIE L. HODGE, SR.,        )
                                         )

         Plaintiff,          )        C.A. No.: K25C-01-011 NEP
                                           )

         v.                  )
                                           )

BAYHEALTH MEDICAL CENTER,       )
INC.,                                        )
                                           )

         Defendant.        )

Submitted: February 6, 2025
Decided: April 9, 2025

## ORDER[1]

### *Upon Review of the Affidavit of Merit*
### DEFERRED

**1.** This matter involves a medical negligence suit filed by Plaintiff Jimmie L. Hodge, Sr., against Bayhealth Medical Center, Inc. ("Bayhealth"). Bayhealth has submitted a motion asking the Court to review the affidavit of merit filed in this case to determine whether it satisfies 18 *Del. C.* § 6853(a)(1) and (c).[2]

**2.** On January 10, 2025, Plaintiff filed a Complaint[3] bringing claims against Bayhealth for alleged negligence "by and through its actual and apparent agents."[4]

**3.** In Delaware, a medical negligence lawsuit must be filed along with an

---

[1] Citations hereafter in the form of "(D.I. ___)" refer to docket items.
[2] Def. Bayhealth Med. Ctr., Inc's Mot. to Test Aff. of Merit Pursuant to 18 *Del. C.* § 6853 (D.I. 17).
[3] Compl. (D.I. 1).
[4] *Id.* at ¶¶ 3, 14–15.

affidavit of merit opining as to the negligence of each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[5]  The expert must be licensed to practice medicine as of the affidavit's date.[6]  He or she must also have been "engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant" in the 3 years immediately preceding the alleged negligent act, and must be Board certified in the same or similar field of medicine if the defendant is Board certified.[7]

4.  The affidavit must indicate that reasonable grounds exist to believe that the applicable standard of care was breached by the defendant and that the breach was a proximate cause of injury alleged in the complaint.[8]  Additionally, the affidavit must be filed under seal; upon request, it may be reviewed *in camera* to ensure compliance with statutory requirements.[9]  The affidavit's requirements are "purposefully minimal" in that the General Assembly "did not intend a minitrial at this stage of the litigation."[10]  An affidavit need not repeat verbatim the statutory language; rather, its statements need only represent the functional equivalent of the statutory language to be judicially acceptable.[11]

5.  Plaintiff's Complaint was accompanied by an affidavit of merit, which

---

[5] 18 *Del. C.* § 6853(a)(1).

[6] *Id.* § 6853(c).

[7] *Id.*  The requirements regarding Board certification apply only if the defendant is a physician. *Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618, at *1 (Del. Super. Apr. 22, 2009) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."); *McNulty v. Correct Care Sols., LLC*, 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (noting that "same or similar" Board certification does not apply where defendant is not a physician).

[8] 18 *Del. C.* § 6853(c).

[9] *Id.* § 6853(a)(1), (d).

[10] *Dishmon v. Fucci*, 32 A.3d 338, 342–43 (Del. 2011).

[11] *Id.*; *see also id.* at 344 ("Medical experts need not couch their opinions in legal terms, state the facts that underly their determination, or to [sic] articulate the standard of care with a high degree of legal precision or 'magic words.'" (citation omitted)).

was received and filed in the Prothonotary's office on January 10, 2025.[12]

6. As requested by Bayhealth, the Court has performed an *in camera* review regarding the affidavit of merit that was filed with the Complaint. As to the expert in question, the Court finds as follows:

a. The expert signed the affidavit.

b. The current *curriculum vitae* of the expert is attached.

c. The expert is a current nurse practitioner with professed "extensive knowledge and experience related to the proper monitoring, safeguarding and treatment of patients who are currently in ICU [or] . . . who have been recently released from ICU and remain in a hospital room." The expert's *curriculum vitae* reflects that he currently practices walk-in and primary care medicine and serves as a clinical instructor for Family Nurse Practitioner students, including supervising medical assistants in the clinical setting. He held both roles for more than three years prior to the alleged negligence giving rise to this case. During this time, he practiced and taught in the "same or similar field of medicine" (i.e., clinical nursing) as the one in which Bayhealth was treating Plaintiff at the time of his injuries.[13]

d. In the expert's opinion, to a reasonable degree of medical probability, Defendant breached the applicable standards of care, and those breaches were proximate causes of Plaintiff's injuries.

---

[12] D.I. 2.

[13] *See Clendaniel v. Bayhealth Med. Ctr., Inc.*, 2020 WL 7787063, at *3 (Del. Super. Dec. 29, 2020) (suggesting, in the context of an affidavit of merit, that the appropriate test is whether, given the totality of the circumstances, the expert is "capable of knowing and understanding the standard of care required" for the health care at issue) (citing *Vareha v. Bayhealth Med. Ctr., Inc.*, 2011 WL 2361270, at *6 (Del. Super. May 26, 2011)).

e. Although the expert's affidavit states that he has "been in practice for a period in excess of three (3) years preceding the incident alleged" and lists membership in various professional organizations, neither the affidavit nor the attached *curriculum vitae* states that the expert was, at the time of the affidavit, licensed to practice medicine.

7. As the Delaware Supreme Court recently made clear in *Nichols v. Christiana Care Health System*,[14] the statutory requirement that a plaintiff's expert be licensed to practice medicine applies to all experts, both in suits against medical practitioners and in suits against institutions employing them. The *Nichols* Court found the plaintiff's affidavit deficient because it failed to indicate that the author— a certified nursing assistant—was licensed to practice medicine, even though the sole defendant in that case, Christiana Care Health System, was itself an institutional defendant.[15] The *Nichols* Court explained:

> Even assuming that the affidavit satisfied the other statutory requirements, we conclude that the . . . affidavit did not comply with the requirement that the "expert signing an affidavit of merit shall be licensed to practice medicine as of the date of the affidavit." The affidavit stated that [the affiant] was a "certified Nursing Assistant"; it did not indicate that she was "licensed," nor did the various attachments to the affidavit include a medical or nursing license issued to [her].[16]

Although the *Nichols* Court expressly declined to determine whether an individual with a nurse's license would qualify as a person "licensed to practice medicine," as required by 18 *Del. C.* § 6853(c), the Court also left open that possibility.[17]

8. The failure of Plaintiff's affidavit of merit to indicate whether Plaintiff's expert was licensed to practice medicine as of the date of the affidavit

---

[14] 266 A.3d 976, 2021 WL 5349943 (Del. Nov. 16, 2021) (ORDER).
[15] *Id.* at *2.
[16] *Id.*
[17] *Id.* at *2 n.13.

4

would be irrelevant were this not a medical negligence action, for which such an affidavit is a prerequisite. Not all negligence actions against hospitals sound in medical negligence. Under the relevant statute, "'[m]edical negligence' means any tort or breach of contract based on health care or professional services rendered, or which should have been rendered, by a health-care provider to a patient."[18] In turn, "health care" is defined as "any act or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to or on behalf of a patient during the patient's medical care, treatment, or confinement."[19] As this Court noted in *Saddler v. Nanticoke Memorial Hospital*, the requirement that a plaintiff produce an affidavit of merit is a duty in abrogation of the common law, and must therefore be strictly construed.[20] The *Saddler* Court therefore distinguished medical negligence suits from suits grounded on "negligent hospital administration," e.g. negligent hiring and oversight of staff, with the latter category not being subject to the affidavit of merit requirement.[21]

9. The core of Plaintiff's claim sounds in medical negligence. In *Sanders v. Centurion, L.L.C.*, the Supreme Court, though acknowledging *Saddler*, held that *respondeat superior* actions against hospitals for the medical negligence of their employees likewise sound in medical negligence.[22] Harmonizing *Sanders* with

---

[18] 18 *Del. C.* § 6801(6).

[19] 18 *Del C.* § 6801(3).

[20] 2012 WL 6846550, at *4 (Del. Super. Dec. 24, 2012) (citation omitted); *accord Northan v. Thomas*, 2024 WL 2974271, at *4 (Del. Super. June 12, 2024) ("[U]nder Delaware law, statutes in derogation of common law must be strictly construed."), *aff'd in relevant part*, No. 271, 2025 WL 671863 (Del. Mar. 3, 2025) (TABLE) (slip op.).

[21] *Saddler*, 2012 WL 6846550, at *5. *Accord Palacio for Mitchell v. Premier Healthcare, Inc.*, 2015 WL 13697664, at *1 (Del. Super. Aug. 11, 2015) ("An affidavit of merit is not required for negligent supervision, hiring, or other administrative claims against a healthcare provider . . . . Here, the allegations boil down to three claims: (1) negligent medical care of a dementia patient resulting in burns, (2) negligent medical treatment of those burns, and (3) negligent hiring, training, and supervising employees. An affidavit of merit is required for the [first] two, [which are] medical negligence claims.") (citing *Saddler*).

[22] 319 A.3d 307, 2024 WL 2105545, at *2 (Del. May 9, 2024) (ORDER).

*Saddler*, this Court concludes that direct claims against hospitals for their own acts of negligent administration do not require affidavits of merit, while derivative claims for the medical negligence of hospital employees (which could be brought against them individually) are not excepted from the affidavit of merit requirement merely because the employees are not individually named as defendants in a plaintiff's complaint. The factual predicate of Plaintiff's complaint is that Plaintiff, while a Bayhealth patient, "was left unattended . . . and fell to the floor while getting out of a chair he was left in," that he suffered injuries as a result, and that Bayhealth was negligent through Bayhealth nurses' failure to observe proper safety protocols.[23] These allegations match the statutory definition of medical negligence because they relate to "health care or professional services rendered, or which should have been rendered, by a health-care provider to a patient."[24] Also instructive is the fact that the instant claims are closely analogous to the allegations in *Nichols*. In *Nichols*, the plaintiff was allegedly left unattended in her hospital room during a medical emergency and consequently suffered injuries from a slip and fall.[25]

10. Even though the affidavit of merit is deficient in this case, the Court will not dismiss Plaintiff's medical negligence claims at this juncture. The Court is cognizant that the requirements the General Assembly established for affidavits of merit are, as stated *supra*, "purposely minimal."[26] The Court will allow plaintiffs to amend affidavits that "substantially comply" with 18 *Del C.* § 6853(a)(1) and (c) but contain "deficiencies [that] appear to be drafting errors."[27] This is a generous

---

[23] Compl. ¶ 7.

[24] 18 *Del. C.* § 6801(6).

[25] *See generally* Pro-Se Pl. First Am. Pet. for Damages, *Nichols v. Christiane Care Health Services*, C.A. No.: N20C-09-166 MMJ (Del. Super. 2021) (D.I. 11).

[26] *Peck v. Orthopaedic Assocs. of Southerne Delaware, P.A.*, 2021 WL 3197549, at *5 (Del. Super. July 28, 2021) (quoting *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014)).

[27] *Id.* (quoting *Buck v. Nanticoke Mem'l Hosp., Inc.*, 2015 WL 2400537, at *1 (Del. Super. May 19, 2015)) (alteration in original); *see also Dishmon*, 32 A.3d at 345 ("The statute does not . . . contemplate that affidavits that are initially incomplete are automatically subject to outright

standard, and has extended even to affidavits "completely fail[ing] to address the alleged negligence of one of the defendants."[28] Such an approach is consistent with Delaware's well-established public policy that "favors permitting a litigant a right to a day in court."[29] Save for the omission of the expert's licensure, the affidavit in this case complies with the statutory requirements.

11. As previously noted, the *Nichols* Court left open the possibility that a licensed nurse could qualify as a person "licensed to practice medicine," as required by 18 *Del. C.* § 6853(c).[30] To dispose of this motion, it is not necessary to determine whether nurses in general "practice medicine," but this court is persuaded that licensed nurse practitioners, at a minimum, qualify under the statute.[31] Accordingly, if Plaintiff is able to amend the instant affidavit of merit to indicate that his expert is licensed, then the affidavit of merit will comply fully with the statutory requirements. Further, given that Plaintiff's expert's affidavit and *curriculum vitae*

dismissal."); *Farmer v. Manor Care of Wilmington, DE, LLC*, 2018 WL 3689260, at *1–2 (Del. Super. Aug. 2, 2018) (allowing plaintiff to amend affidavit that did not address proximate cause or include expert's current *curriculum vitae* because omissions could have been an administrative or drafting error).

[28] *Peck*, 2021 WL 3197549, at *5 & n.35 (citing *Truitt v. Bay Health Med. Ctr., Inc.*, 2019 WL 5460190, at *2 (Del. Super. Oct. 24, 2019); *Buck*, 2015 WL 2400537, at *2).

[29] *Id.* at *5 (quoting *Buck*, 2015 WL 2400537, at *1).

[30] 2021 WL 5349943, at *2 n. 13.

[31] *Cf. Daniels v. Green Valley SNF LLC*, 2022 1637201, at *1 (Del. Super. May 23, 2022) (approving an affidavit of merit authored by a licensed registered nurse); *Zawask v. Christiana Care Health Servs.*, 2020 WL 3866512, at *1 (Del. Super. July 7, 2020) (approving affidavit of merit on negligence of nursing staff authored by licensed nurse); *Cousineau v. Christiana Care Health Servs.*, 2009 WL 406821, at *1 (Del. Super. Jan. 9, 2009) (reserving decision on affidavit of merit because it was not clear whether affiant registered nurse's license was current at the time she signed the affidavit); *Dougherty v. Horizon House, Inc.*, 2008 WL 3488532, at *4–5 (Del. Super. June 25, 2008) (holding that nurse practitioner licensed in Pennsylvania did not satisfy educational requirements for a "certificate to practice medicine" under Delaware law, and therefore could not be considered "licensed to practice medicine," but nonetheless finding affidavit of merit compliant because holding otherwise would lead to absurd result); *Cross v. Davis*, 2024 WL 4503673, at *2 (Del. Super. Oct. 15, 2024) (holding that a nurse practitioner could provide an affidavit of merit as to the alleged negligence of a registered nurse and against the nurse's employer, but not as to the standard of care for a physician defendant).

7

indicate that he continues to practice as a nurse practitioner, it is a reasonable inference that he is, in fact, licensed to do so, and that the omission of this fact was merely a drafting error.

12.     Although some of Plaintiff's claims may be ordinary negligence claims for which an affidavit of merit would not be required, the Court need not determine that question at this juncture.

**WHEREFORE**, in consideration of the above, the Court finds that the affidavit of merit Plaintiff filed on January 10, 2025, does not comply with the applicable requirements of 18 *Del. C.* § 6853(a)(1) and (c).  For the foregoing reasons, however, the Court's final decision on the Affidavit of Merit is **DEFERRED.**  Within 21 days from the date of this Order, Plaintiff may file a supplemental affidavit of merit clarifying whether Plaintiff's expert was licensed to practice medicine as of the date of the affidavit.

**IT IS SO ORDERED.**

_____
Noel Eason Primos, Judge

NEP:tls
*Via File & ServeXpress*
oc:   Prothonotary
cc:   Counsel of Record

8