IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

PATRICIA L. DOLAN and WALTER )
DOLAN, )
 )
            Plaintiffs, )            C.A. No. K19C-04-032 NEP
 )            In and For Kent County
    v. )
 )
CYNTHIA W. MARTIN, N.P., )
PROMILA K. SURI, M.D., )
PRANITHA NAINI, M.D., and )
BAYHEALTH MEDICAL CENTER, )
INC. d/b/a KENT GENERAL HOSPITAL, )
 )
            Defendants. )

Submitted: June 13, 2019
Decided: June 28, 2019

## ORDER

### *Upon Review of the Affidavits of Merit*
### *ACCEPTED*

This matter involves a healthcare negligence suit filed by Plaintiffs Patricia L. Dolan and Walter Dolan (hereinafter collectively "Plaintiffs"), against Defendants Cynthia Martin, N.P. (hereinafter "Moving Defendant"), as well as Promila K. Suri, M.D., Pranitha Naini, M.D., and Bayhealth Medical Center, Inc. d/b/a Kent General Hospital (all Defendants hereinafter collectively "Defendants"). Moving Defendant has asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853. The Court has done so and determined that the affidavit of merit applicable to Moving Defendant complies with the statute.

In this case, Plaintiffs filed their Complaint on April 18, 2019, alleging that Defendants were medically negligent and breached the applicable standard of care. Specifically, with regard to the allegations against Moving Defendant, Plaintiffs allege, *inter alia*, that Moving Defendant was not properly trained and/or competent to perform the bone marrow biopsy, that Moving Defendant improperly performed the procedure, and that Moving Defendant failed to monitor Plaintiff adequately and properly both during and after the procedure.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[2] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit must be filed

---

[1] 18 *Del. C.* § 6853(a)(1).

[2] *Id.* § 6853(c). Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *See McNulty v. Correct Care Solutions, LLC*, 2017 WL 1323711 (Del. Super. April 7, 2017) (requirement of "same or similar" Board certification does not apply where defendant is not a physician); *accord Zappaterrini v. St. Francis Hosp., Inc.*, 2009 WL 1101618 (Del. Super. April 22, 2009). The court notes that Moving Defendant is not a physician. Therefore, Moving Defendant's assertion that the expert must be Board certified as a nurse practitioner is incorrect.

[3] 18 *Del. C.* § 6853(c).

2

under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[4] The affidavit's requirements are "purposefully minimal."[5] Affidavits that merely track the statutory language are deemed sufficient.[6]

In this matter, two affidavits of merit are under consideration. One of these affidavits is inapplicable to Moving Defendant.[7] The other affidavit of merit addressed the alleged negligence of Moving Defendant along with that of the other Defendants. As requested by Moving Defendant, upon the Court's *in camera* review, the Court finds the following as to the applicable affidavit:

      a. The expert signed the affidavit.

      b. The *curriculum vitae* of the expert is attached.

      c. The expert, who is a physician, was licensed to practice medicine as of the date of the affidavit.

      d. The expert is Board certified in Hematology and Medical Oncology and supervises nurse practitioners in those areas.

      e. The expert was involved in treating patients in the fields of Hematology and Medical Oncology for the three years prior to the alleged negligent acts.

---

[4] *Id.* § 6853(d).

[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

[6] *Dishmon*, 32 A.3d at 342–43.

[7] This affidavit of merit, signed by an expert who is a doctor of nursing practice and registered nurse, addresses only the alleged negligence of Defendant Bayhealth Medical Center, Inc., acting "through its nursing staff." Moving Defendant is not named in the affidavit.

f. The affidavit states that reasonable grounds exist to believe that Moving Defendant, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to Plaintiff Patricia L. Dolan.

**WHEREFORE**, in consideration of the above, the court finds that the affidavit of merit applicable to Moving Defendant complies with 18 *Del.* C. § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/ Noel Eason Primos
Judge

NEP/wjs
via File & ServeXpress
oc:    Prothonotary
        Counsel of Record
        Promila K. Suri, M.D.

4