# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LAUREN SCOTTOLINE, individually and as Parent and Guardian of J.S.S., a Minor, | ) ) ) ) | C.A. NO.: N19C-08-135 AML |
| Plaintiffs, | ) ) | |
| v. | ) ) | TRIAL BY JURY OF TWELVE DEMANDED |
| WOMEN FIRST, LLC, FIRST STATE WOMEN'S CARE, P.A., MATERNITY AND GYNECOLOGY ASSOCIATES, P.A., and CHRISTIANA CARE HEALTH SYSTEM, INC. | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

Submitted: September 26, 2019
Decided: October 1, 2019

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On September 26, 2019, Defendant Christiana Care Health System, Inc. filed

a motion asking the Court to review Plaintiffs' affidavit of merit, *in camera*, to

determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c).[1]

Specifically, Defendant asked the Court to determine whether the affidavit:

(1) is signed by an expert witness; (2) is accompanied by a *curriculum vitae*; (3)

states all opinions with reasonable grounds; (4) gives an opinion that there has been

---

[1] 18 *Del. C.* § 6853(d).

healthcare medical negligence against each defendant; (5) gives an opinion that each breach against each defendant was a proximate cause of injuries alleged in the Complaint; (6) indicates the expert is licensed to practice medicine as of the date of the affidavit; (7) establishes the expert, for the three years preceding the alleged negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine at issue in this case, which is obstetrics; and (8) indicates the expert against the defendants is board certified in obstetrics.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[4] The statute's requirements are minimal. Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[5]

---

[2] *Id.* § 6853(a)(1).
[3] *Id.* § 6853(c).
[4] *Id.*
[5] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

After *in camera* review, the Court finds:

1.  An expert signed the affidavit;

2.  The affidavit was accompanied by a current *curriculum vitae*;

3.  The affidavit states all opinions with reasonable grounds;

4.  The affidavit gives an opinion that there has been healthcare medical negligence committed by each defendant;

5.  The expert gives an opinion that each breach against each defendant was a proximate cause of injuries to the minor plaintiff;

6.  The *curriculum vitae* establishes that the expert is licensed to practice medicine as of the date of the affidavit;

7.  The *curriculum vitae* establishes that for the three years preceding the negligent act, the expert was engaged in the treatment of patients in the same or similar field of medicine (obstetrics) as the defendants; and

8.  The expert is board certified in obstetrics.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to Defendant Christiana Care Health System, Inc.

**IT IS SO ORDERED.**

_____
Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Bruce L. Hudson, Esquire
        Joshua H. Meyeroff, Esquire
        Ryan T. Keating, Esquire