# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TRAVIS J. ALSTON, | ) | |
| | ) | C.A. NO.: N18C-11-166 AML |
| Plaintiff, | ) | |
| | ) | TRIAL BY JURY OF |
| v. | ) | TWELVE DEMANDED |
| | ) | |
| WESTSIDE FAMILY HEALTH | ) | |
| CARE, INC., CHRISTIANA CARE | ) | |
| HEALTH SYSTEM, INC., and | ) | |
| DOCTORS FOR EMERGENCY | ) | |
| SERVICES, INC. | ) | |
| | ) | |
| Defendants. | ) | |

Submitted: August 23, 2019
Decided: October 14, 2019

## ORDER

**Upon Review of the Affidavit of Merit – Rejected**

On August 23, 2019, Defendant Christiana Care Health System, Inc. filed a motion asking the Court to review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c).[1]

Specifically, Defendant asked the Court to determine that (1) the affidavit is signed by an expert witness; (2) the affidavit is accompanied by each expert's *curriculum vitae*; (3) "the affidavit includes an opinion that the standard of care was breached by Christiana Care Health System, Inc., and/or its employees, rather than

---

[1] 18 *Del. C.* § 6853(d). This case was reassigned to this judge on October 1, 2019.

vague references or lumping of parties with different specialties that do not conform to the statute"; (4) the affiant opines that any breach attributed to the moving Defendant and/or its employees was a proximate cause of injuries alleged in the Complaint; (5) the affidavit or attached *curriculum vitae* demonstrates the expert was licensed to practice medicine as of the date of the Affidavit; and (6) "the affidavit or attached *curriculum vitae* establishes that the expert for the three years preceding the allegedly negligent act has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the care at issue in this case, namely Emergency Medicine."[2]

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[3] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[4] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[5] The statute's requirements are minimal.

---

[2] Defendant's Motion for Review of the Affidavit of Merit 2-3.
[3] *Id.* § 6853(a)(1).
[4] *Id.* § 6853(c).
[5] *Id.*

Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[6]

Plaintiff's affiant opines that "there are reasonable grounds to believe that the applicable standard of care was breached by the medical/health care defendants named in this case, and that the breaches were a proximate cause of the injury to . . . [Mr.] Alston." By referring only to "defendants" collectively, the affiant fails to meet the standard requiring an affidavit of merit be filed "as to" each defendant.[7] The affidavit of merit does not specifically name the moving Defendant or any other defendant.

Additionally, the expert's *curriculum vitae* does not clearly establish that the expert was engaged in the treatment of patients or teaching in the same or similar field as the moving Defendant in the three years immediately preceding the alleged negligence.[8]

Because the affidavit substantially complies with the statute and the deficiencies merely may be a drafting error,[9] the Court will allow Plaintiff 30 days

---

[6] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

[7] 18 *Del. C.* § 6853(a)(1).

[8] Three years immediately preceding the alleged negligence includes December 2013 – December 2016. It is unclear from the *curriculum vitae* the expert's employment from December 2013 – January 2015. Although the affidavit avers that this element is met, the *curriculum vitae* is difficult to follow and does not plainly support the averment. Under these circumstances, an amended *curriculum vitae* is appropriate.

[9] *Id.* § 6853(a)(2).

from this Order's date in which to file an acceptable affidavit of merit as to each defendant, if that is what the expert believes. If an affidavit as to each defendant is not perfected in time, the Court will dismiss the claims against that defendant without further notice or opportunity to be heard.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

Original to Prothonotary
cc:    Bruce L. Hudson, Esquire
        John D. Balaguer, Esquire
        Roopa Sabesan, Esquire