## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| TRAVIS J. ALSTON, )<br><br>          Plaintiff, )<br><br>   v. )<br><br>WESTSIDE FAMILY HEALTH<br>CARE, INC., CHRISTIANA CARE<br>HEALTH SYSTEM, INC., and<br>DOCTORS FOR EMERGENCY<br>SERVICES, INC. )<br><br>        Defendants. ) | C.A. NO.: N18C-11-166 AML<br><br>TRIAL BY JURY OF<br>TWELVE DEMANDED |

Submitted: November 21, 2019
Decided: December 20, 2019

## ORDER

### Upon Review of the Affidavit of Merit – Accepted

On November 21, 2019, Defendant Doctors for Emergency Services, Inc. filed a renewed motion asking the Court to review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c).[1]

Specifically, Defendant asked the Court to determine that (1) the affidavit is signed by an expert witness; (2) the affidavit is accompanied by each expert's *curriculum vitae*; (3) "the affidavit includes an opinion that the standard of care was breached by [Doctors for Emergency Services, Inc.] and/or its employees, rather

---

[1] 18 *Del. C.* § 6853(d). This case was reassigned to this judge on October 1, 2019.

than vague references or lumping of parties with different specialties that do not conform to the statute"; (4) the affiant opines that any breach attributed to the moving Defendant and/or its employees was a proximate cause of injuries alleged in the Complaint; (5) the affidavit or attached *curriculum vitae* demonstrates the expert was licensed to practice medicine as of the date of the Affidavit; and (6) "the affidavit or attached *curriculum vitae* establishes that the expert for the three years preceding the allegedly negligent act has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the care and issue in this case, namely Emergency Medicine."[2]

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[3] The expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[4] The affidavit must state that reasonable grounds exist to believe the defendant was negligent in a way that proximately caused the plaintiff's injury.[5] The statute's requirements are minimal.

---

[2] Def.'s Mot. for Review of the Affidavit of Merit 3-4.
[3] *Id.* § 6853(a)(1).
[4] *Id.* § 6853(c).
[5] *Id.*

Accordingly, an affidavit of merit tracking the statutory language complies with the statute.[6]

After *in camera* review, the Court finds:

1. An expert signed the affidavit;

2. The affidavit was accompanied by a current *curriculum vitae*;

3. The expert gives an opinion that there are reasonable grounds to believe there has been a breach in the standard of care by each defendant and that each breach against each defendant was a proximate cause of injuries alleged in the Complaint; and

4. The *curriculum vitae* establishes the expert is licensed to practice medicine as of the date of the affidavit and for three years preceding the negligent act, the expert was engaged in the treatment of patients in the same or similar field of medicine as the defendants.

Considering the above, the Court finds that the affidavit of merit complies with 18 *Del. C.* § 6853(a)(1) and (c) as to Defendant Doctors for Emergency Services, Inc.

**IT IS SO ORDERED.**

Abigail M. LeGrow, Judge

---

[6] *See Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011) ("In order to satisfy the *prima facie* burden, an Affidavit of Merit must only contain an expert's sworn statement that medical negligence occurred, along with confirmation that he or she is qualified to proffer a medical opinion.").

Original to Prothonotary
cc:    Ben T. Castle, Esquire
       Bruce L. Hudson, Esquire
       John D. Balaguer, Esquire
       Roopa Sabesan, Esquire