# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

MECHELLE FLAMER,       :
       :
      Plaintiff,      :      N19C-10-186 JJC
       :      In and For Kent County
      v.      :
       :
NANTICOKE MEMORIAL      :
HOSPITAL,      :
       :
      Defendant.      :

## ORDER

Submitted: December 17, 2019
Decided: January 9, 2020

**Upon Review of the Affidavit of Merit**

This matter involves a healthcare negligence suit filed by Plaintiff Mechelle Flamer against Defendant Nanticoke Memorial Hospital ("Nanticoke"). Plaintiff alleges negligent medical care arising from emergency room treatment in July 2017. She specifically alleges that Nanticoke is liable for negligent emergency room care performed by its agents, servants or employees. Nanticoke has filed a motion requesting an *in camera* review of Ms. Flamer's affidavit of merit to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c).

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the

---

[1] 18 *Del. C.* § 6853(a)(1).

affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[2] The affidavit must also state that reasonable grounds exist to believe that each defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit of merit must be filed under seal, but a defendant may request an *in camera* review of the affidavit to ensure that it complies with the statute's requirements.[4] The Delaware Supreme Court has observed that "the General Assembly intended the affidavit of merit merely to operate 'as a prophylactic measure' to 'reduce the filing of meritless medical negligence claims.'"[5] As a result, the requirements for the affidavit of merit are "purposefully minimal."[6] An affidavit of merit that tracks the statutory language complies with the statute.[7]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

1.    The expert signed the affidavit.

2.    The expert attached a current *curriculum vitae*.

3.    The expert is currently licensed to practice medicine in another State.

4.    The expert is board certified in emergency medicine, and has served for a number of years as a medical director at a hospital's department of emergency medicine.

5.    The expert has been treating patients in the same field as the defendant for over three years, including the three years immediately preceding

---

[2] *Id.* at § 6853(c).
[3] *Id.*
[4] 18 *Del. C.* § 6853(d).
[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).
[6] *Id.*
[7] *See Dishmon*, 32 A.3d at 342.

the alleged negligent conduct. Namely, the affidavit and accompanying *curriculum vitae* specifically reference the expert's experience in emergency medicine.

6. The affidavit states that reasonable grounds exist to believe that Nanticoke breached the applicable standard of care while treating Ms. Flamer and that the breach was a proximate cause of the her injuries.

It therefore follows that the affidavit of merit complies with 18 *Del. C.* § 6853(a)(1) and (c) as to allegations involving Nanticoke's treatment of Ms. Flamer. While the Defendant is a hospital, the Court concludes that based on the doctor's recited experience in emergency medicine and as a medical director at a hospital's department of emergency medicine, he or she has experience in a similar field of medicine in the relevant field for more than three years immediately preceding the alleged negligence.

**IT IS SO ORDERED**

/s/ Jeffrey J Clark
Judge

3