IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIFFANY COX and ALPHONSO )
KEMP, as Parents and natural guardians )
of K.K., a minor )
)
)
Plaintiffs, )      C.A. No. K19C-11-002 NEP
)      In and For Kent County
v. )
)
)
BAYHEALTH MEDICAL CENTER, )      JURY TRIAL OF TWELVE
INC., a Delaware Corporation, ROBERT )      DEMANDED
Q. SCACHERI, M.D., BEVERLY A. )
SANTANA, MSN, CNM and )
DEDICATED TO WOMEN OB-GYN, )
P.A., )
)
Defendants. )

Submitted: February 11, 2020
Decided: March 3, 2020

## ORDER

### *Upon Review of the Affidavits of Merit*
### *DEFERRED in part, ACCEPTED in part*

This matter involves a healthcare negligence suit filed by Plaintiffs Tiffany Cox

and Alphonso Kemp, as parents and guardians of K.K., a minor child, against

Defendants Robert Scacheri, M.D., Beverly Santana, MSN, CNM, Bayhealth Medical

Center, Inc., and Dedicated to Women OB-GYN, P.A., (all Defendants hereinafter

collectively "Defendants"). Defendants Beverly Santana, MSN, CNM (hereinafter

"Moving Defendant Santana") and Dedicated to Women OB-GYN, P.A. (hereinafter

"Moving Defendant DTW") have asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C.* § 6853.

In this case, Plaintiffs filed their Complaint on November 1, 2019, alleging that Defendants were medically negligent and breached the applicable standard of care. Specifically, with regard to the allegations against Moving Defendants, Plaintiffs allege, *inter alia*, that Moving Defendants failed to provide timely and proper medical and obstetric care, failed to provide timely and proper medical interventions, failed to closely monitor, evaluate, and respond to Plaintiff Tiffany Cox's medical status, including but not limited to K.K.'s fetal heart rate readings, failed to timely perform a cesarean section, and failed to timely and properly recognize K.K.'s fetal distress. As a consequence of Moving Defendants' alleged negligence, K.K. allegedly suffered severe and permanent hypoxic ischemic brain injury. The Complaint alleges that Moving Defendant Santana specializes in nursing and midwifery and Moving Defendant DTW provides obstetrical and gynecological services to the general public.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in

---

[1] 18 *Del. C.* § 6853(a)(1).

2

the same or similar field as the defendant if the defendant is Board certified.[2] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[4] The affidavit's requirements are "purposefully minimal."[5] Affidavits that merely track the statutory language are deemed sufficient.[6]

In this matter, three affidavits of merit are under consideration, all of which are applicable to Moving Defendants, and as requested by Moving Defendants, the Court has performed an *in camera* review. With regard to the first expert, a physician, it appears that Plaintiffs have failed to attach a current *curriculum vitae*, as noted in the Court's Order regarding the request for review filed by Defendant Scacheri. For the reasons given in that Order, the Court will provide a limited period for Plaintiffs to

---

[2] *Id.* § 6853(c). Of course, these requirements apply only if the expert is a physician, and the requirements regarding "same or similar field" apply only if the defendant is a physician. *McNulty v. Correct Care Solutions, LLC,* 2017 WL 1323711, at *2 (Del. Super. Apr. 7, 2017) (requirement of "same or similar" Board certification does not apply where defendant is not a physician); *accord Zappaterrini v. St. Francis Hosp., Inc.,* 2009 WL 1101618, at *1) (Del. Super. Apr. 22, 2019) ("[B]ecause the defendant is not a physician, the statutory requirement of similar Board certification is not applicable."). Here, the statutory requirement of "same or similar" Board certification is not applicable to Moving Defendants because neither Moving Defendant DTW nor Moving Defendant Santana are physicians. Therefore, all three experts in the present case may speak to whether Moving Defendants were negligent. *See McNulty,* 2017 WL 1323711, at *2 (finding "same or similar" Board certification requirement not applicable when moving defendants were not physicians).

[3] *Id.*

[4] *Id.* § 6853(d).

[5] *Mammarella v. Evantash,* 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci,* 32 A.3d 338, 342 (Del. 2011)).

[6] *Dishmon,* 32 A.3d at 342–43.

submit a current *curriculum vitae*, and the Court will defer consideration of the affidavit pending that submission.

Turning to the second expert, a registered nurse and certified nurse midwife, it appears that the *curriculum vitae* provided may also not be current, as noted in the Court's Order regarding the request for review filed by Defendant Bayhealth.[7] For the reasons given in that Order, the Court will provide a limited period to provide Plaintiffs an opportunity either to provide an updated *curriculum vitae* or to confirm that the one submitted is current.

Finally, with regard to the third expert, the Court finds as follows:

a.    The expert signed the affidavit.

b.    The current *curriculum vitae* of the expert is attached.[8]

c.    The expert, who is a registered nurse, has training and experience in that field.

d.    The affidavit states that reasonable grounds exist to believe that Moving Defendants, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to K.K.

**WHEREFORE**, in consideration of the above, the Court will defer consideration of the affidavit of the expert who is a physician, and **Plaintiffs shall be provided an additional twenty-one (21) days from the date of this Order** to provide a current

---

[7] The most recent date of employment given in the *curriculum vitae* is 2015.

[8] It is apparent that the *curriculum vitae* is current, as it includes employment dates and publication dates through 2019, the date of the affidavit.

4

*curriculum vitae* for that expert. The Court will also defer consideration of the expert who is a registered nurse and certified nurse midwife, and **Plaintiffs shall be provided an additional twenty-one (21) days from the date of this Order** either to provide a current *curriculum vitae* for that expert or to confirm that the one already submitted is current. Finally, the Court finds that the affidavit of the third expert, a registered nurse, complies with 18 *Del. C.* § 6853(a)(1) and (c).

**IT IS SO ORDERED.**

/s/Noel Eason Primos
Judge

NEP/wjs
*Via File&ServeXpress*
oc:    Prothonotary
        Counsel of Record

5