IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

TIFFANY COX and ALPHONSO )
KEMP, as Parents and natural guardians ) C.A. No. K19C-11-002 NEP
of K.K., a minor, ) In and For Kent County
 )
    Plaintiffs, )
  v. )
 )
BAYHEALTH MEDICAL CENTER, )
INC., a Delaware Corporation, ROBERT )
Q. SCACHERI, M.D., BEVERLY A. )
SANTANA, MSN, CNM and )
DEDICATED TO WOMEN OB-GYN, )
P.A., )
 )
    Defendants. )

Submitted: March 23, 2020
Decided: April 30, 2020

## ORDER

*Upon Review of the Affidavits of Merit*
*ACCEPTED*

This matter involves a healthcare negligence suit filed by Plaintiffs Tiffany

Cox and Alphonso Kemp, as parents and guardians of K.K., a minor child, against

Defendant Robert Scacheri, M.D. (hereinafter "Moving Defendant"), as well as

Defendants Beverly Santana, MSN, CNM, Bayhealth Medical Center, Inc., and

Dedicated to Women OB-GYN, P.A., (all Defendants hereinafter collectively

1

"Defendants").  Moving Defendant has asked the Court to review the affidavits of merit filed in this case to determine whether they satisfy 18 *Del. C*. § 6853.

Plaintiffs filed their Complaint on November 1, 2019, alleging that Defendants were medically negligent and breached the applicable standard of care, and that as a result, K.K. suffered severe and permanent hypoxic ischemic brain injury.  The Complaint alleges that Moving Defendant specializes in obstetrics and gynecology and is licensed to practice medicine in the state of Delaware.

On March 3, 2020, this Court issued an Order finding that the affidavit of merit applicable to Moving Defendant did not comply with statutory requirements because the expert's *curriculum vitae* was out of date.[1]  Rather than dismissing Plaintiffs' claims against Moving Defendant, however, the Court deferred decision, giving Plaintiffs an additional twenty-one days from the date of its Order to provide an affidavit of merit complying with 18 Del.C. § 6853(c), *i.e.*, by including a current *curriculum vitae*.  Plaintiffs have timely done so, and thus the updated affidavit of merit applicable to Moving Defendant[2] is discussed below.

---

[1] *See Cox v. Bayhealth Medical Center, Inc.,* 2020 WL 1127544, at *1 n.8 (Del. Super. Mar. 3, 2020) (*curriculum vitae* stated that expert's board certifications were due to expire in 2010, and failed to state specific dates of employment or publication later than 2009).

[2] The other two affidavits are inapplicable to Moving Defendant because they are from experts in the fields of midwifery and nursing who are not themselves physicians (and thus cannot be Board certified or licensed to practice medicine in the same or similar field as Moving Defendant). Therefore, these experts may not offer standard of care opinions regarding Moving Defendant. *See Friedel v. Osunkoya*, 994 A.2d 746, 751, 764 (Del. Super. 2010) (holding that pharmacologist could not offer standard of care opinion regarding physician because construction of 18 *Del. C*. §§ 6853-54 requires experts be within similar field of medicine and receive same training).

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[3] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence, and Board certified in the same or similar field as the defendant if the defendant is Board certified.[4] The affidavit must also state that reasonable grounds exist to believe that the defendant was negligent in a manner that proximately caused the plaintiff's injury.[5] The affidavit must be filed under seal and, upon request, may be reviewed *in camera* to ensure compliance with statutory requirements.[6] The affidavit's requirements are "purposefully minimal."[7] Affidavits that merely track the statutory language are deemed sufficient.[8]

As requested by Moving Defendant, upon the Court's *in camera* review, the Court finds as follows as to the applicable affidavit:

    a.  The expert signed the affidavit.

    b.  The current *curriculum vitae* of the expert is attached.

    c.  The expert, who is a physician, was licensed to practice medicine as of the

---

[3] 18 *Del. C.* § 6853(a)(1).
[4] *Id.* § 6853(c).
[5] *Id.*
[6] *Id.* § 6853(d).
[7] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).
[8] *Dishmon*, 32 A.3d at 342–43.

date of the affidavit.

d.  The expert is Board Certified in Obstetrics and Gynecology and Maternal-Fetal Medicine.

e.  The expert was involved in the teaching and academic fields of Obstetrics and Gynecology and Maternal-Fetal Medicine for the three years prior to the alleged negligent acts.

f.  The affidavit states that reasonable grounds exist to believe that Moving Defendant, along with the other Defendants, breached the applicable standard of care, and that the breaches were a proximate cause of the injuries to K.K.

**WHEREFORE**, in consideration of the above, the Court finds that the affidavit of merit applicable to Moving Defendant complies with 18 *Del. C.* § 6853(a)(1) and (c).

**IT IS SO ORDERED**.

__/s/ Noel Eason Primos_____
Judge

NEP/wjs
*Via File & ServeXpress*
oc:   Prothonotary Office
      Counsel of Record
      File