# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

|  |  |  |
|---|---|---|
| The ESTATE OF ETHEL SNELLINGS, a/k/a ETHEL SNELLING, by her personal representative, TIFFANI MCCLAIN, | : : : : : | C.A. No. K20C-03-047 JJC |
| Plaintiff, | : : | |
| v. | : : | |
| 101 E DELAWARE AVE OPERATIONS LLC, a Delaware limited liability company, d/b/a DELMAR NURSING AND REHABILITATION CENTER; 102 E DELAWARE AVE OPERATIONS LLC, d/b/a DELMAR NURSING AND REHABILITATION; DELMAR NURSING AND REHABILITATION CENTER, an artificial entity; JAMES R. SIDES, M.D.; BELINDA S. BOWDEN FOY, R.N.; JODI L. PEEK, a/k/a JODI L. CHULLIN, | : : : : : : : : : : : : : : : : | |
| Defendants. | : | |

## ORDER

Submitted: February 19, 2021
Decided: February 23, 2021

### *Upon Review of the Affidavit of Merit*
**COMPLIANT**

This matter involves a healthcare negligence suit filed by Plaintiff the Estate of Ethel Snellings against multiple defendants, including Defendant James R. Sides, M.D.

Plaintiff alleges negligent medical care arising from Ms. Snelling's care at Delmar Nursing and Rehabilitation Center. The Estate alleges that Defendants' negligent care, including care provided by Dr. Sides, proximately caused gangrene to develop in Ms. Snelling's left foot. The Estate further alleges that the condition required the amputation of her left lower extremity.

Presently, Dr. Sides files a motion requesting an *in camera* review of the Estate's affidavit of merit to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c). In support of his request, he emphasizes the statute's requirements for a sufficient affidavit of merit.

In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by an expert, and accompanied by the expert's *curriculum vitae*.[1] The expert must be licensed to practice medicine as of the affidavit's date and engaged in this practice in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[2] The affidavit must also state that reasonable grounds exist to believe that each defendant was negligent in a way that proximately caused the plaintiff's injury.[3] The affidavit of merit must be filed under seal, but a defendant may request an *in camera* review of the affidavit to ensure that it complies with the statute's requirements.[4]

With regard to the scope of the Court's review, the Delaware Supreme Court has observed that "the General Assembly intended the affidavit of merit merely to operate 'as a prophylactic measure' to 'reduce the filing of meritless medical negligence claims.'"[5]

---

[1] 18 *Del. C.* § 6853(a)(1).
[2] *Id.* at § 6853(c).
[3] *Id.*
[4] 18 *Del. C.* § 6853(d).
[5] *Mammarella v. Evantash*, 93 A.3d 629, 637 (Del. 2014) (quoting *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011)).

As a result, the requirements for the affidavit of merit are "purposefully minimal."[6] An affidavit of merit that tracks the statutory language complies with the statute.[7]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

1.  The expert signed the affidavit.

2.  The expert attached his current *curriculum vitae*.

3.  The expert is currently licensed to practice medicine in other states.

4.  According to the expert's affidavit, he  has treated patients in the same or similar field as Dr. Sides for over three years, including the three years immediately preceding the allegedly negligent conduct.  Namely, his *curriculum vitae* reference his experience in family, geriatric, nursing center, forensic, and emergency medicine.

5.  His affidavit recites that reasonable grounds exist to believe that Dr. Sides breached the applicable standard of care while treating Ms. Snelling and that the breach proximately caused her injuries.  The affidavit does not refer to the defendants generally;  rather, it addresses Dr. Sides specifically.

Accordingly, the Estate's affidavit of merit complies with 18 *Del. C*. § 6853(a)(1) and (c) with regards to Dr. Sides's treatment of Ms. Snelling.


**IT IS SO ORDERED**

/s/ Jeffrey J Clark
Judge


JJC:klc
*Via File & Serve Xpress*

---

[6]  *Id*.
[7] *See Dishmon*, 32 A.3d at 342.

3