IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| LIZA NICHOLS, | § | |
| | § | No. 189, 2021 |
| Plaintiff Below, | § | |
| Appellant, | § | Court Below—Superior Court |
| | § | of the State of Delaware |
| v. | § | |
| | § | C.A. No. N20C-09-166 |
| CHRISTIANA CARE HEALTH | § | |
| SYSTEM, | § | |
| | § | |
| Defendant Below, | § | |
| Appellee. | § | |

Submitted: October 15, 2021
Decided: November 16, 2021

Before **SEITZ**, Chief Justice; **TRAYNOR** and **MONTGOMERY-REEVES**, Justices.

# O R D E R

After consideration of the briefs and the record on appeal, it appears to the Court that:

(1)     The appellant, Liza Nichols, appeals from the Superior Court's May 11, 2021 order dismissing Nichols's complaint asserting a medical-negligence claim against appellee Christiana Care Health System ("CCHS").   For the reasons discussed below, we affirm the Superior Court's judgment.

(2)     On September 28, 2020, Nichols filed a medical-negligence complaint against CCHS in the Superior Court.  The allegations in the complaint related to an

incident during which Nichols fell during a stay at Christiana Hospital in 2019. CCHS filed a motion for a more definite statement, and the Superior Court ordered Nichols to file an amended complaint within thirty days. The court also informed Nichols that 18 *Del. C.* §§ 6853(a)(1) and (c) required her to file an affidavit of merit because the complaint alleged medical negligence. Nichols filed an amended complaint, and CCHS moved to dismiss on the grounds that Nichols had not complied with 18 *Del. C.* §§ 6853(a)(1) and (c). The court advised Nichols that she would have until April 21, 2021, to file an affidavit of merit.

(3) On April 22, 2021, Nichols filed a motion to admit an affidavit of merit, in support of which she provided a document signed by Wanda R. Gross.[1] The document stated that Gross was a nursing assistant, described her duties, and stated that it was her expert opinion that the conduct of the CCHS staff fell below the standard of care at the time of Nichols's fall. The Superior Court accepted the document as an affidavit of merit and determined that the affidavit was signed by a nursing assistant and set forth the affiant's opinion that there were reasonable grounds to believe that CCHS breached the applicable standard of care[2] but determined that it did not comply with 18 *Del. C.* §§ 6853(a)(1) and (c) because (i)

---

[1] Appendix to Answering Brief, at B44-81.
[2] *See* 18 *Del. C.* § 6853(c) (providing that the affidavit of merit "shall set forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant").

the affidavit was not accompanied by a current *curriculum vitae*;[3] (ii) it failed to set forth the affiant's opinion that there were reasonable grounds to believe that the alleged breach of the standard of care proximately caused the injuries claimed in the complaint;[4] (iii) Gross was not licensed to practice medicine as of the date of the affidavit;[5] (iv) the affidavit failed to state whether in the three years immediately preceding the alleged negligent act, Gross was engaged in the treatment of patients and/or in the teaching/academic side of medicine;[6] and (v) the affidavit did not state that Gross was board certified.[7] The court therefore dismissed the complaint for failure to provide the required affidavit of merit, and Nichols has appealed.

(4) Nichols argues on appeal that the Superior Court erroneously concluded that the affidavit of merit did not satisfy Section 6853 and that the court erred by dismissing the complaint without finding that it was frivolous. CCHS contends that the Gross affidavit was both deficient under the statute and untimely.[8]

(5) We review the Superior Court's decision *de novo*.[9] Title 18, Section 6853(a) of the Delaware Code provides that "[n]o health-care negligence lawsuit

---

[3] *Id.* § 6853(a)(1).
[4] *Id.* § 6853(c).
[5] *Id.*
[6] *Id.*
[7] *Id.*
[8] *See* 18 *Del. C.* § 6853(a), (a)(2) (providing that an affidavit of merit must accompany the complaint and that the court "may, upon timely motion of the plaintiff and for good cause shown, grant a single 60-day extension for the time of filing the affidavit of merit").
[9] *Dishmon v. Fucci*, 32 A.3d 338, 341-42 (Del. 2011).

3

shall be filed in this State unless the complaint is accompanied by . . . [a]n affidavit of merit as to each defendant signed by an expert witness, as defined in § 6854 of this title, and accompanied by a current curriculum vitae of the witness, stating that there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant."[10] Section 6853(c) provides:

> The affidavit or affidavits of merit shall set forth the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by the named defendant or defendants and that the breach was a proximate cause of injury or injuries claimed in the complaint. *An expert signing an affidavit of merit shall be licensed to practice medicine as of the date of the affidavit*; and in the 3 years immediately preceding the alleged negligent act has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as the defendant or defendants, and the expert shall be Board certified in the same or similar field of medicine if the defendant or defendants is Board certified. The Board Certification requirement shall not apply to an expert that began the practice of medicine prior to the existence of Board certification in the applicable specialty.[11]

Even assuming that the affidavit satisfied the other statutory requirements, we conclude that the Gross affidavit did not comply with the requirement that the "expert signing an affidavit of merit shall be licensed to practice medicine as of the date of the affidavit." The affidavit stated that Gross was a "certified Nursing Assistant"; it did not indicate that she was "licensed," nor did the various

---

[10] 18 *Del. C.* § 6853(a)(1). Section 6854 provides: "No person shall be competent to give expert medical testimony as to applicable standards of skill and care unless such person is familiar with the degree of skill ordinarily employed in the field of medicine on which he or she will testify." *Id.* § 6854.

[11] 18 *Del. C.* § 6853(c) (emphasis added).

attachments to the affidavit include a medical or nursing license issued to Gross.[12]

Delaware law defines a "certified nursing assistant" as a "duly-certified individual under the supervision of a licensed nurse, who provides care that does not require the judgment and skills of a licensed nurse."[13]

(6)     In her reply brief, and citing authority from another jurisdiction, Nichols argues that there is a "common knowledge" exception to the requirement that a medical-negligence complaint be supported by an affidavit of merit.  Nichols waived this argument by failing to raise it in the opening brief.[14]  In any event, it appears that this Court has not adopted a "common knowledge" exception following the enactment of Section 6853.[15]

---

[12] Appendix to Answering Brief, at B44-81.

[13] 16 *Del. C.* § 3001 A(1).  Because of our conclusion that the affidavit did not establish that Gross was a licensed nurse, we need not address whether an affidavit from a licensed nurse would satisfy the requirement under Section 6853(c) that the expert signing an affidavit of merit shall be "licensed to practice medicine."

[14] *See Monzo v. Nationwide Prop. & Cas. Ins. Co.*, 249 A.3d 106, 123 (Del. 2021) ("Under Supreme Court Rule 14, an appellant waives an argument if he does not argue its merits within the body of his opening brief.").

[15] *Cf. O'Donald v. McConnell*, 2004 WL 1965034, at *2 (Del. Aug. 19, 2004) (stating that the "purpose of expert medical testimony, as recognized by the General Assembly, . . . is that, subject to the exceptions listed in the statute, the proximate cause of injuries that are claimed to be attributable to medical negligence are not within the common knowledge of a layperson"); *Walls v. Cooper*, 1991 WL 247806, at *4 (Del. Nov. 8, 1991) (declining to apply "common knowledge" or "common sense" exception and noting that previous application of the exception predated enactment of Section 6853).

NOW, THEREFORE, IT IS ORDERED that the judgment of the Superior Court is AFFIRMED.

BY THE COURT:

*/s/ Tamika R. Montgomery-Reeves*
Justice