**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| SHELLEY PUCHALSKY, | : | |
| | : | |
| Plaintiff, | : | |
| | : | C.A. No: K21C-11-038 JJC |
| | : | |
| v. | : | |
| | : | |
| ADVANCED PLASTIC | : | |
| SURGERY CENTER, P.A., | : | |
| AND DR. LAWRENCE D. | : | |
| CHANG, M.D., P.A., | : | |
| | : | |
| Defendants. | : | |
| | : | |
| | : | |

Submitted: January 4, 2022
Decided:  January 10, 2022

## ORDER

*Upon Review of the Affidavit of Merit –*
**COMPLIANT**

This matter involves a healthcare negligence suit filed by Plaintiff Shelley Puchalsky against Defendants Advanced Plastic Surgery Center, P.A. and Dr. Lawrence D. Chang, M.D., P.A. (collectively "Defendants").  Plaintiff alleges negligent medical care arising from plastic surgery treatment to her nose and forehead following a running accident.  Specifically, Ms. Puchalsky alleges that Advanced Plastic Surgery Center and Dr. Chang are liable for negligent post-operation treatment, or the lack thereof, by the medical staff at the facility as directed by Dr. Chang.  Defendants have filed a motion requesting an *in camera* review of

Ms. Puchalsky's affidavit of merit to determine whether it complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to both Defendants.

In Delaware, a medical negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by the expert, and accompanied by the expert's *curriculum vitae.*[1] As a general matter, an affidavit that tracks the statutory language complies with the statute.[2]

The expert signing the affidavit must be licensed to practice medicine as of the date of the affidavit and engaged in practice in the same or similar field of medicine as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also recite that reasonable grounds exist to believe that each defendant was negligent in a way that caused the plaintiff's injuries.[4] While the affidavit of merit must be filed under seal, a defendant may request the Court to review it *in camera* to ensure that it complies with the statute's requirements.[5]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

1. The expert signed the affidavit.

2. The expert attached a current *curriculum vitae*.

3. The expert is currently licensed to practice medicine.

4. The expert is board certified in facial plastic and reconstructive surgery.

5. The expert has been treating patients in the same field of medicine as the Defendants for over three years, including the three years immediately

---

[1] *Flamer v. Nanticoke Memorial Hospital*, 2020 WL 113911, at *1 (Del. Super. Jan. 9, 2020) (quoting 18 *Del. C.* § 6853(a)(1) & (c)).
[2] *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011).
[3] *Flamer*, 2020 WL 113911, at *1 (quoting § 6853(c)).
[4] *Id.*
[5] *Id.* at *1 (quoting § 6853(d)).

preceding the alleged negligent conduct. Namely, the affidavit and accompanying *curriculum vitae* specifically reference the expert's experience in plastic surgery, as the medical director of a facial plastic surgery medical group.

6. The expert recites and specifically lists the reasonable grounds to believe that both Defendants breached the applicable standard of care as it related to Ms. Puchalsky's treatment, and that the breach was a proximate cause of her injuries.

Therefore, the affidavit of merit complies with 18 *Del. C.* §§ 6853(a)(1) and (c) as to the allegations involving both Advanced Plastic Surgery Center and Dr. Chang's treatment of Ms. Puchalsky. While one defendant is a plastic surgery center, the Court concludes that based on the doctor's recited experience in plastic surgery, he or she has experience in a similar filed of medicine as both Defendants for more than three years immediately preceding the alleged negligence. The Court finds, as to both Defendants, that the affidavit of merit is **COMPLIANT**.

**IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

*Via File & Serve Express*

3