## IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

THE ESTATE OF THOMAS G.
STONE, JR.,

      PLAINTIFF,

          v.

BAYHEALTH MEDICAL CENTER,
INC.,

      DEFENDANT.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

C.A. No: K22C-03-017 JJC

Submitted: July 6, 2022
Decided:  July 14, 2022

## ORDER

*Upon Review of the Affidavit of Merit* – **COMPLIANT**

This matter involves a medical negligence suit filed by Plaintiff, the Estate of Thomas G. Stone, Jr., against Defendant Bayhealth Medical Center, Inc.  The Estate alleges that Bayhealth's negligent medical care caused Mr. Stone's death. Specifically, the Estate alleges that Bayhealth is vicariously liable for the negligent diagnosis and treatment of Mr. Stone by its medical staff when he presented at the emergency room with severe right leg pain.

Bayhealth moves for an *in camera* review of the Estate's affidavit of merit to determine whether it complies with the requirements of 18 *Del. C.* §§ 6853(a)(1) and (c).  The Estate filed an expert's affidavit in this case but did not file the expert's *curriculum vitae* with the expert's affidavit.  The Court deferred its review of the affidavit and provided the Estate seven days to supplement its filing, which it did.

In Delaware, a medical negligence lawsuit must be filed with an affidavit of merit as to each defendant, signed by the expert, and accompanied by the expert's *curriculum vitae.*[1] As a general matter, an affidavit that tracks the statutory language complies with the statute.[2] The expert signing the affidavit must be licensed to practice medicine as of the date of the affidavit and engaged in practice in the same or similar field of medicine as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also recite that reasonable grounds exist to believe that each defendant was negligent in a way that caused the plaintiff's injuries.[4] While the affidavit of merit must be filed under seal, a defendant may request the Court to review it *in camera* to ensure that it complies with the statute's requirements.[5]

As requested, after an *in camera* review of the affidavit of merit and the expert witness's *curriculum vitae*, the Court finds:

1. The expert signed the affidavit.

2. The expert attached a current *curriculum vitae*.

3. The expert is currently licensed to practice medicine.

4. The expert is board certified with special certification in hospital medicine.

5. The expert has been treating patients in the same field of medicine as Bayhealth for over three years, including the three years immediately preceding the alleged negligent conduct. Namely, the affidavit and accompanying *curriculum vitae* specifically reference the expert's experience in the diagnosis and treatment of patients who present with

---

[1] *Flamer v. Nanticoke Memorial Hospital*, 2020 WL 113911, at *1 (Del. Super. Jan. 9, 2020) (quoting 18 *Del. C.* § 6853(a)(1) & (c)).
[2] *Dishmon v. Fucci*, 32 A.3d 338, 342 (Del. 2011).
[3] *Flamer*, 2020 WL 113911, at *1 (quoting § 6853(c)).
[4] *Id.*
[5] *Id.* at *1 (quoting § 6853(d)).

severe right leg pain in hospital emergency rooms. The expert actively practices hospital medicine, is a member of numerous hospital committees, including a medical staff performance improvement group. The expert also trains and educates residents as an associate internal medicine director at a medical school.

6. The expert recites and specifically lists the reasonable grounds to believe that Bayhealth's medical staff breached the applicable standard of care as it related to the diagnosis and treatment of Mr. Stone's condition, and that the breach was a proximate cause of his death.

The affidavit of merit contains the information required by 18 *Del. C.* §§ 6853(a)(1) and (c) as to the allegations involving Bayhealth. Therefore, the affidavit of merit is **COMPLIANT**.

 **IT IS SO ORDERED.**

/s/ Jeffrey J Clark
Resident Judge

*Via File & ServeXpress*