**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| DOREEN FLETCHER | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | C.A. No. N25C-08-213 KMM |
| v. | ) | |
| | ) | |
| SELECT SPECIALTY HOSPITAL, | ) | |
| | ) | |
| Defendant. | ) | |

Date Submitted: January 5, 2026
Date Decided: January 15, 2026

## ORDER ON REVIEW OF SUPPLEMENTAL AFFIDAVIT OF MERIT

1.      Plaintiff filed this medical negligence action *pro se* on August 25, 2025. The complaint alleges that in August 2023, plaintiff's husband was discharged from Select Specialty Hospital ("Select Specialty") to Cadia Pike Creek Nursing Home ("Cadia Pike Creek"). Select Specialty allegedly did not send care instructions so the staff at Cadia Pike Creek were uncertain about his care. A staff member at Select Specialty admitted to omitting the care instructions. Her husband's condition deteriorated. He was transferred to Christiana Hospital where he died on December 20, 2023.

2. Plaintiff did not file an Affidavit of Merit as required by statute, 18 *Del. C.* § 6853.[1]

3. Defendant filed a Motion to Review the Affidavit of Merit[2] and a Motion to Dismiss for failure to file an affidavit, if an affidavit had not been filed.[3] At the November 6, 2025 hearing on Select Specialty's motion, the Court explained to plaintiff that she was required to file an Affidavit of Merit. Plaintiff advised the Court that she had an affidavit that complied with the statute and she was prepared to file it.

4. The Court granted plaintiff an extension of time to submit the affidavit. The Court made clear in a confirming letter that plaintiff's affidavit of merit must comply with Section 6853.[4] The deadline for filing such affidavit was November 20, 2025.

5. Plaintiff filed an affidavit under seal on November 19, 2025 (the "November 19 Affidavit").[5]

6. The Court reviewed the November 19 Affidavit. It was signed by the expert under oath. But, it did not (i) include the expert's opinion that there are reasonable grounds to believe that the applicable standard of care was breached by

---

[1] The allegations in the complaint do not fall within any statutory exception. *See* 18 *Del. C.* § 6853(e).
[2] D. I. 10.
[3] D. I. 11.
[4] D.I. 14.
[5] D. I. 15.

Select Specialty Hospital and that a breach proximately caused the alleged injuries; (ii) establish that the expert was licensed at the time of the affidavit; (iii) establish the expert was engaged "in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine" as the defendant in the three years preceding the alleged negligent acts. The November 19 Affidavit also failed to attach a *curriculum vitae*. Accordingly, the affidavit did not comply with the statute.[6]

7. The Court entered an Order on December 2, with its ruling on the November 19 Affidavit. The Court granted plaintiff another opportunity to correct the deficiencies and advised that she was being granted "***one more***" opportunity.[7]

8. On January 5, 2026, plaintiff filed another affidavit (the "Supplemental Affidavit").[8] Select Specialty renewed its request for review and dismissal.[9]

9. In healthcare negligence cases, a plaintiff must submit an affidavit of merit as to each defendant, signed by an expert and accompanied by a current *curriculum vitae*, stating that "there are reasonable grounds to believe that there has been health-care medical negligence committed by each defendant."[10] Additionally, the affidavit must state that there are "reasonable grounds to believe that the

---

[6] *Id.* at 344.
[7] D.I. 16.
[8] D.I. 17.
[9] D.I. 18.
[10] 18 *Del. C.* § 6853(a)(1).

applicable standard of care was breached" by each defendant and that the breach was a proximate cause of the complained of injuries.[11] An expert signing the affidavit must be licensed to practice as of the date of the affidavit, and in the 3 years immediately preceding the alleged negligence, been engaged "in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine" as the defendant.[12]

10. While the Supplemental Affidavit is signed by the expert under oath and it appears that he was licensed at the time the affidavit was executed, it is deficient in several material respects. First, the Supplemental Affidavit does not state that the expert is familiar with the applicable standard of care, nor does the expert opine that there are reasonable grounds to believe that the applicable standard of care was breached by Select Specialty. Further, the expert does not state that a breach proximately caused the alleged injuries and death.

11. Second, the Supplemental Affidavit does not establish the expert was engaged in the treatment of patients and/or in the teaching medicine in the same or similar field of medicine as Select Specialty in the three years preceding the alleged negligent acts.[13]

---

[11] 18 *Del. C.* § 6853(c).
[12] *Id.*
[13] The expert is a licensed forensic pathologist and former coroner. It appears that he conducted an autopsy on Mr. Fletcher.

12. Third, the Supplemental Affidavit states that the cause of death was Sepsis and that the colon "could have been perforated during a special procedure in the hospital." But "[i]t needs more investigation with the hospital records." There are no allegations of a special or surgical procedure in the complaint.

13. Finally, the Supplemental Affidavit also fails to attach a *curriculum vitae*.

14. Plaintiff is self-represented in this medical negligence action. Medical negligence actions are complicated and can be difficult to manage for a non-attorney. But, self-represented litigants must comply with the court's and statutory requirements for medical negligence cases.[14]

15. Section 6853 requires an affidavit of merit that meets the statutory mandate. "Without a proper affidavit, a complaint sounding in medical negligence is insufficient and the statute of limitations will not be tolled."[15]

16. If a litigant fails to file an affidavit of merit, the court may not hear the case.[16] The court may, in its discretion, grant a single 60-day extension upon a timely

---

[14] *Parsons v. DuShuttle*, 2019 WL 1131956, at *2 (Del. Super. Mar. 8, 2019); *Enhaili v. Patterson*, 2018 WL 2272767, at *3 n.35 (Del. Super. Apr. 23, 2018) (noting that the statute provides no exception for a self-represented litigant and collecting cases).
[15] *Enhaili*, 2018 WL 2272767, at *2.
[16] *Parsons*, 2019 WL 1131956, at *2.

motion and for good cause.[17] "Good cause" includes, but is not limited to, an inability to obtain medical records despite reasonable efforts.[18]

17. Plaintiff did not request an extension, but the Court twice granted her additional time to file an affidavit of merit that complies with the statute. The Court cannot provide further extensions.

18. The deficiencies in the Supplemental Affidavit go beyond mere procedural deficiencies, such as failing to attach a *curriculum vitae*.[19] Rather, the Supplemental Affidavit fails to include the critical elements required by the statute— an opinion that the standard of care was breached and that the injury was the proximate result of the breach.

19. Plaintiff suffered a devastating loss of her husband. It is understandable that she was trying to "find out what really happened to him." But because of the failure to comply with the statute, the case cannot proceed and will be dismissed.

20. The Court having reviewed *in camera* the Supplemental Affidavit, the Court finds that it does not comply with 18 *Del. C.* § 6853(a)(1).

---

[17] 18 *Del. C.* § 6853(a)(2).
[18] *Id.*
[19] *Dishmon v. Fucci*, 32 A.3d 338, 345 (Del. 2011) (finding dismissal was not warranted for failure to include a *curriculum vitae*).

21. A separate order of dismissal will be entered.

**IT IS SO ORDERED**.

/s/Kathleen M. Miller
Kathleen M. Miller, Judge